WALTER BEZIN, Plaintiff-Respondent-Appellant, *v.* HAROLD GINSBURG *et al.*, Defendants.—(ALBERT BROWN, Defendant-Petitioner-Appellee.)

First District (4th Division)    No. 79-2118

Opinion filed December 4, 1980.

Richard T. Franch, of Jenner & Block, of Chicago, for appellant.

Lewis W. Schlifkin and Edward A. Berman, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Respondent, Walter Bezin, appeals from an order entered in the circuit court of Cook County which commanded him to restore a razed one-story building to the condition the building was in before it was demolished. On appeal, one of Bezin's contentions is that the order is improper because of the impracticability of enforcing it. We agree and reverse and remand.

In early 1976, Bezin, the beneficial owner of the building and the property on which it stood, brought an action against petitioner, Albert Brown, and others seeking a declaratory judgment to declare invalid certain leases held by Brown on the property. The leases granted Brown exclusive possession of the building on the property for a period of five years with options to renew the leases for two successive five-year periods. In September 1976, the trial court declared the leases to be valid and granted Brown possession of the premises pursuant to the terms of the leases. This order was affirmed by this court in April 1978 in an opinion that is set out at 59 Ill. App. 3d 429, 375 N.E.2d 468.

Sometime in 1978 the building on the property was torn down. Thereafter, Brown brought the present supplementary action in the same court of the chancery division of the circuit court in which the original action had been filed. In his petition, Brown accused Bezin and others of wilfully and deliberately destroying the building in an effort to circumvent the prior order of the court which had granted Brown possession of the building pursuant to the terms of the leases. In his prayer for relief, Brown asked the court to order Bezin and other respondents to restore the building to the condition it was in before it was torn down. He also asked "[f]or such other and further relief as to the court shall seem just and equitable."

Bezin filed various motions attacking the petition, among which was a motion to dismiss which alleged that Brown's only remedy was at law for damages. This motion was denied. Bezin then answered the petition, admitting the building had been destroyed but denying all of the other essential allegations of the petition. Bezin also filed a counterclaim asking the court to declare, as a matter of law, that the leases were terminated by the destruction of the building. Brown answered this counterclaim, denying that the leases were terminated.

Thereafter, Bezin filed a motion for determination of existence of issue triable at law. In this motion, Bezin insisted that if Brown was

seeking damages pursuant to the language in his petition asking "[f]or such other and further relief as to the court shall seem just and equitable," then Bezin was entitled to a jury trial on all the issues presented. The motion contended that if it was determined that Brown was seeking damages, then the court must transfer the cause to the law division or allow Bezin to file a jury demand and have all of the legal issues tried before a jury before any equitable issues were heard. Pursuant to this motion, the trial court issued an order which said that if Brown intended to seek damages he must file an amended pleading specifically asking for such relief. The court also ordered that if such a pleading were filed, the court would first hear the equitable issues and then submit any legal issues to a jury. From the record it appears that, prior to the taking of this appeal, no amended pleading was filed by Brown.

Shortly after proceedings began for the presentation of evidence in support of Brown's petition, Bezin filed a motion to preclude Brown from seeking "legal relief." The record does not indicate whether the court ruled on this motion.

At the conclusion of the presentation of all of the evidence, the trial court found that Bezin and others had wilfully and deliberately caused the building to be torn down in an effort to circumvent the prior order of the court granting Brown possession of the premises pursuant to the terms of the leases. The court then ordered Bezin and the others to restore the building to the condition it was in before it was torn down. In this order, the court also directed that Bezin's counterclaim be dismissed. Bezin brought his appeal from this order and raises three issues: (1) findings of the trial court are against the manifest weight of the evidence; (2) the order entered was improper because Brown's only remedy is at law and because of the impracticability of enforcing such an order; (3) the destruction of the building terminated the leases as a matter of law.

## Opinion

We believe that the relief given in this case was inappropriate. The policy reasons supporting the general rule that a court of equity should not order a party to construct a building are thoroughly set out in a previous decision of this court in *Yonan v. Oak Park Federal Savings & Loan Association* (1975), 27 Ill. App. 3d 967, 326 N.E.2d 773, which involved the specific enforcement of a construction contract.

In *Yonan* it was noted that the construction of a building takes a long period of time and involves a special skill peculiar to those in the business of constructing buildings. If a court orders a party to construct a building, it would necessarily become involved in constant and long-continued supervision over the construction process through supplementary proceedings designed to assure that the court's order is being carried out by a

party who obviously has no desire to carry it out. The court would be continuously asked to determine if the construction is being done properly and is proceeding with due diligence on the part of that party. Thus, the court would be obligated to become an expert in the methods and skills involved in the construction industry, an expertise a trial court admittedly does not have. This kind of case does not warrant such constant attention. The time consumed by the trial court in carrying out its order would needlessly take away from the time needed to consider other cases.

Brown attempts to distinguish the *Yonan* decision by alleging that the present case does not involve the specific enforcement of a construction contract. Here, the court was allegedly attempting to enforce a prior order that granted Brown possession of the premises. The court was fashioning relief against a party who allegedly destroyed the building in a deliberate attempt to circumvent the court's prior order. Thus, not only was the court granting relief to Brown but was fashioning relief to prevent a party from succeeding in his wilful attempt to defy the judicial process.

Rather than considering Brown's argument as supporting the order, we believe it further demonstrates why such an order should not have been entered. As already noted, the enforcement of an order directing a party to construct a building is generally considered impracticable because a court would necessarily become involved in constant and long-continued supervision over the construction process through supplementary proceedings designed to assure that the order is being carried out by a party who obviously has no desire to carry it out. In the present case, assuming the findings of fact of the trial court were supported by the evidence, the court was faced not only with a party who had no desire to construct the building but with a party who had shown he had no intent to carry out the court's orders. This added fact made the enforcement of the court's order all the more impracticable.

Consequently, we are compelled to conclude that the order entered was improper. The specific relief requested by Brown was not the relief to which he was entitled. However, at this time we express no opinion as to what relief Brown may have been entitled to. We note that Brown also requested such further relief as the court deemed proper. There is apparently still pending before the trial court the question of whether Brown can seek damages or any other relief. There is also a question of whether the seeking of damages would require a trial by jury on all the issues presented. Additionally, there exists the question of whether Brown can now seek any other relief since he ostensibly pursued only the relief granted below and since he has apparently not yet filed an amended

pleading as ordered by the court and there is pending Bezin's motion to preclude Brown from seeking "legal relief."

We also express no opinion as to whether the trial court's findings were supported by the evidence or whether these findings would still be applicable to any further proceedings in this case. Finally, we find that we need not determine at this time whether the destruction of the building terminated the leases as a matter of law. Until it is determined to what relief Brown is entitled and whether he is entitled to any relief, there is no need to reach the question of whether the leases were terminated as a matter of law.

Accordingly, for the reasons noted, we reverse the order entered by the trial court and remand for further proceedings consistent with the findings herein.

Reversed and remanded.

JIGANTI and ROMITI, JJ., concur.