(No. 59425.

ALBERT F. BROWN, Plaintiff, v. ANTHONY J. SCOTILLO, Judge, *et al.*, Defendants.

*Opinion filed October 19, 1984.*

Lewis W. Schlifkin and Edward A. Berman, of Chicago, for plaintiff.

William J. Harte, Richard J. Prendergast and Joseph E. Tighe, of Chicago (William J. Harte, Ltd. and Richard J. Prendergast, Ltd., of counsel), for defendants.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Albert F. Brown, filed a motion (87 Ill. 2d R. 381) for leave to file an original action in *mandamus* directed against Anthony J. Scotillo, a judge of the circuit court of Cook County, and Walter Bezin (hereinafter referred to as defendant). We ordered responses to the motion, and defendant filed a cross-complaint for *man-*

*damus* directed against Judge Scotillo. We granted leave to file both the complaint and cross-complaint.

These actions arose from a transaction which has engendered lengthy litigation. Following default on a loan secured by the assignment to the First National Bank of Lincolnwood of the beneficial interest in a land trust, the bank sold the beneficial interest. Defendant purchased the beneficial interest in the land trust, which held title to improved real estate located in Chicago. On the day prior to the sale of the beneficial interest, the real estate was leased to plaintiff. Two leases were executed.

Defendant filed an action in the circuit court of Cook County seeking a declaration that the leases were void and to enjoin the enforcement of their provisions. The circuit court entered partial summary judgment in favor of the defendants in that case, and the appellate court affirmed (*Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429).

The building under lease was razed, and the circuit court ordered defendant to restore the building to the condition in which it was before it was demolished. That order was reversed. (*Bezin v. Ginsburg* (1980), 91 Ill. App. 3d 555.) The cause was remanded to the circuit court of Cook County, and the trial judge, Judge Nathan M. Cohen, having retired in the interim, the cause was assigned to Judge Albert Green. Defendant, represented by new counsel, filed a motion requesting a determination that the leases were terminated and that plaintiff's sole remedy, if any, for the destruction of the buildings was an action for damages. The motion stated that the prior determination by Judge Cohen that the building had been deliberately destroyed should be vacated because defendant was constitutionally entitled to a jury trial on the factual issues in the case. Judge Green entered an order holding (1) the leases were valid, (2) the previous findings that defendant wilfully and deliberately destroyed the building were proper, (3) the action was to

proceed to trial without a jury because defendant waived right to trial by jury, and (4) the cause would be tried on the question of damages only.

Upon allowance of defendant's petition for change of venue, the cause was assigned to Judge Anthony J. Scotillo. Defendant moved to vacate certain orders entered by Judges Cohen and Green which he contended were entered in violation of his right to trial by jury and moved further that the cause be transferred to the law division for a jury trial on all issues relevant to plaintiff's claim for damages. Judge Scotillo denied all parts of that motion, except that part which sought to set aside Judge Green's order insofar as it found that defendant had waived his right to trial by jury. Judge Scotillo ordered that the matter should proceed to trial before a jury if requested by either party, on the issue of damages only, and that if plaintiff intended to seek damages he was required to file an amended complaint, within 30 days of the order, specifically requesting such damages. Defendant filed a written jury demand to apply to all factual issues raised by the pleadings, and any factual issues which might thereafter be raised by any subsequent pleadings. Plaintiff moved to strike defendant's jury demand. The circuit court denied the motion and granted plaintiff additional time to file an amended complaint seeking damages. The court ordered that the cause be transferred to the law division for a jury trial on the issue of damages. Following the entry of this order the parties sought leave to file these actions for *mandamus*.

Plaintiff contends that "a second judge of the circuit court of Cook County cannot review the order of the first judge of the same circuit court who has coordinate authority with the second judge." He contends, too, that a court of equity, its jurisdiction having been invoked by the defendant, was vested with jurisdiction for all pur-

poses, including trial on the issue of damages. He prays the issuance of a writ of *mandamus* directing Judge Scotillo to vacate his order permitting defendant to file a jury demand and his order compelling plaintiff to file an amended complaint specifically seeking damages.

Citing *Balciunas v. Duff* (1983), 94 Ill. 2d 176, and *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, defendant contends that Judge Scotillo was authorized to vacate the earlier interlocutory order "which was based upon an underlying factual error." With respect to the cross-complaint for *mandamus,* defendant contends that the writ of *mandamus* should issue directing Judge Scotillo to vacate all "prior orders which involve legal or factual issues." This, he contends, should be done "because legal and factual issues have been improperly decided in contravention of [defendant's] right to a jury trial."

In *Balciunas v. Duff* (1983), 94 Ill. 2d 176, the plaintiff sought a writ of *mandamus* seeking to compel a circuit judge to expunge certain pretrial discovery orders. The court said:

> "In a variety of contexts, this court has stated that an interlocutory order may be reviewed, modified or vacated at any time before final judgment, and it is of no consequence that the original order was entered by another circuit judge. (*E.g., Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 121; *Leopold v. Levin* (1970), 45 Ill. 2d 434, 446; *Roach v. Village of Winnetka* (1937), 366 Ill. 578, 581; *Shaw v. Dorris* (1919), 290 Ill. 196, 204; *Fort Dearborn Lodge No. 214 v. Klein* (1885), 115 Ill. 177, 181; *cf. Barliant v. Follett Corp.* (1978), 74 Ill. 2d 226, 231.) While those cases did not involve pretrial discovery rulings, we think that this court's decision in *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, is virtually dispositive.
>
> In that case, one of the defendants had moved for judgment, claiming that a previous judgment dismissing plaintiff's suit against Yellow Cab Company was *res judicata.* That motion was denied by the motion judge, and

the action was assigned to another judge for a pretrial conference. Defendant renewed his motion before the second judge, who, agreeing with defendant's contention, dismissed plaintiff's action against that defendant. On appeal, this court considered the propriety of the second judge's action. First, the court noted that the original order denying the motion was in the nature of an interlocutory order, and that the circuit court has inherent power to amend and revise such an order prior to final judgment. The court further stated:

'In the instant case, the trial court had jurisdiction over the entire controversy, and would retain jurisdiction until final judgment. While prior rulings should be vacated or amended only after careful consideration, especially if there is evidence of "judge shopping" on behalf of one who has obtained an adverse ruling, a court is not bound by an order of a previous judge (*Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320) and has the power to correct orders which it considers to be erroneous. Here, the cause was assigned to the second judge as a matter of procedure. The defendant could properly renew his motion, even though it had been denied by another judge, and the pretrial judge, in turn, could review and modify the first judge's interlocutory order.' (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 121.)" 94 Ill. 2d 176, 185-86.

This cause came before Judge Scotillo upon allowance of defendant's motion for a change of venue, and there is no evidence of "judge shopping." Stripped of the complexities created by the extended litigation, the issue presented is simply whether *mandamus* may issue to direct the defendant circuit judge to vacate or modify an order permitting the late filing of a demand for jury trial of some of the issues remaining in the case. A motion to file a late jury demand is addressed to the sound discretion of the trial court, and absent an abuse of discretion, the court's determination with respect to allowance or

denial of the motion should not be disturbed. *Greene v. City of Chicago* (1978), 73 Ill. 2d 100; *Village of Park Forest v. Walker* (1976), 64 Ill. 2d 286.

"The extraordinary remedy of *mandamus* is only issued by this court in its sound discretion and is not a device to be employed to correct judicial errors. (*Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 334.) *Mandamus* is properly employed to direct the performance of an official duty which is ministerial. It cannot be used to direct the exercise of discretion or judgment. (*Chicago & North Western Transportation Co. v. Matoesian* (1981), 85 Ill. 2d 404, 406; *People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, 615-16; *People ex rel. Norwegian-American Hospital, Inc. v. Sandusky* (1961), 21 Ill. 2d 296, 299; *People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 520; *People ex rel. Dolan v. Dusher* (1952), 411 Ill. 535, 538.) 'Where an officer, in the exercise of a discretionary power, has considered and determined what his course of action is to be, he has exercised his discretion, and his action is not subject to review or control by *mandamus*.' *People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 521." *International Harvester Co. v. Goldenhersh* (1981), 86 Ill. 2d 366, 369.

The order entered by the defendant judge concerning the trial by jury was an exercise of judicial discretion, not reviewable by *mandamus*. The only contention made by plaintiff with respect to the order directing amendment of his complaint is that it was erroneous, and as we have said, *mandamus* "is not a device to be employed to correct judicial errors." For the reasons stated, the issuance of the requested writs of *mandamus* is denied.

*Writs denied.*