FORD MOTOR CREDIT COMPANY, Plaintiff, v. JUAN MANZO, Defendant and Counterplaintiff-Appellant (Safeway Insurance Company, Defendant and Counterdefendant-Appellee).

First District (6th Division)   No. 1—91—3711

Opinion filed September 24, 1993.—Rehearing denied November 19, 1993.

Michael J. Dudek, P.C., of Chicago, for appellant.

Parrillo, Weiss & O'Halloran, of Chicago (Keely Truax, of counsel), for appellee.

JUSTICE GIANNIS delivered the opinion of the court:

This is the second appeal arising from an action brought by Ford Motor Credit Company to recover from Juan Manzo and Safeway Insurance Company the amount owed under a retail installment contract. In this appeal, Manzo asserts that the trial court erred in (1) denying his request that the court vacate its finding that Safeway's payment of $15,902.97 to the clerk of the circuit court satisfied the judgments against it, and (2) denying his request for the attorney fees expended in defending the first appeal.

This action was originally brought by Ford Motor Credit to recover the amount owed under an automobile financing agreement executed by Juan Manzo. Manzo impleaded Safeway, seeking recovery under the insurance policy covering the vehicle which was the subject of the financing agreement. On July 27, 1987, the jury found that Safeway was liable under its insurance policy for the total loss of Manzo's vehicle. The jury returned a verdict in favor of Ford Motor Credit for $9,157 and a verdict in favor of Manzo for $1,350. On March 4, 1988, Manzo obtained a judgment in the amount of $11,938.09 for attorney fees, costs and penalty. This judgment was entered pursuant to section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 767) and was based upon the trial court's finding that Safeway's adjustment of Manzo's claim was vexatious, capricious and unreasonable.

Thereafter, Safeway filed a motion to vacate all orders entered by the trial judge, including the order of March 4, 1988, which awarded attorney fees, costs and penalty. Safeway's motion was predicated upon the allegation that the trial judge had been listed as the attorney of record in another action pending against Safeway, was prejudiced against Safeway, and should have recused himself from the case. On March 8, 1988, the trial judge took the motion under advisement. While Safeway's motion to vacate was pending, Manzo filed a motion

to enter judgment for prejudgment interest. The cause was subsequently transferred to another judge in the circuit court. This judge found that Safeway had not established that the prior judge was actually prejudiced, denied the relief requested by Safeway in its motion to vacate, and transferred the matter back to the original judge. Safeway's motion to reconsider this ruling was denied on October 6, 1988. On November 4, 1988, Safeway filed a notice of appeal.

In the first appeal, Safeway claimed that (1) the trial judge was actually prejudiced against Safeway or its attorney or his impartiality might reasonably be questioned, and (2) the award of attorney fees, costs, and penalty was unwarranted and excessive. On April 6, 1990, this court affirmed the rulings in the trial court, holding that the evidence in the record supported the conclusion that Safeway's conduct was vexatious, capricious and unreasonable; that the judgment for attorney fees was not excessive; and that Safeway had failed to establish that Judge Lipnick was biased or prejudiced in his handling of the litigation. The cause was remanded for the limited purpose of entry of the trial judge's decision on Safeway's March 8, 1988, motion to vacate. The mandate reflected only that the cause was remanded for ruling on the motion to vacate. The opinion and mandate did not make any mention of an award to Manzo for attorney fees incurred to defend the appeal brought by Safeway.

Upon remand, Safeway abandoned its motion to vacate. In a letter to Manzo's attorney dated April 19, 1990, counsel for Safeway stated "Safeway is willing to pay the judgment entered against it by [the trial judge] in this cause plus interest accrued pursuant to statute. Please contact me within 7 days of the date of this letter to arrange payment." In a letter dated April 24, 1990, counsel for Manzo responded that "[t]he payment of the judgments plus statutory interest at 9% would be acceptable. However, I still wish to pursue attorney's fees for the appellate work, which amounts to $6,154.79." This letter also indicated that the interest due on the judgment of $1,350 was $334.08, and the interest due on the judgment of $11,938.09 was $2,327.90. These figures resulted from a calculation of interest to April 28, 1990. According to this letter from Manzo's attorney, the total amount due of the judgments and interest was $15,950.07. On August 30, 1990, Manzo brought a motion in the circuit court requesting an award of attorney fees for defending the first appeal by Safeway.

On October 10, 1990, Safeway brought a motion requesting leave to pay the judgment plus interest to the clerk of the court in satisfaction of its obligation to Manzo. On October 17, 1990, the trial court allowed this motion and granted Safeway leave to pay to the clerk of

the circuit court the judgments against it plus interest in satisfaction of its obligation to Manzo. This order reflected that the interest due on the judgments stopped accruing on April 19, 1990.

Safeway deposited a check in the amount of $15,902.97 with the clerk of the circuit court on November 14, 1990. On November 16, 1990, the trial court denied Manzo's request for fees for the first appeal because the mandate did not authorize the court to grant such relief.

On November 29, 1990, Manzo filed a motion to release the funds deposited with the clerk of the circuit court, to assess accrued interest and additional attorney fees. This motion asserted that the interest on the judgments did not cease to accrue until November 14, 1990, and that the total amount owed Manzo for the judgments and interest was $16,582.94. The motion asserted further that the $15,902.97 deposited with the clerk of the court was $679.97 less than the amount due to satisfy the judgment. The motion requested that the clerk of the circuit court turn over all funds to Manzo and to his attorney and requested a judgment against Safeway for $679.97 plus the attorney fees expended in preparation of the motion.

Thereafter, Safeway objected to Manzo's motion for release of funds, and Manzo filed a response to Safeway's objection. On April 22, 1991, the trial court ruled that Safeway's payment of $15,902.97 to the clerk of the court fully satisfied the judgments, including interest accrued to April 19, 1990. Manzo moved for reconsideration of this ruling, and this motion was denied by the trial court on September 19, 1991. The order recited that there was no just reason to delay enforcement or appeal of this order. Manzo filed his notice of appeal on October 17, 1991.

■ We initially address Safeway's argument that this court lacks jurisdiction to address the arguments raised by Manzo because he failed to file a motion for reconsideration or a notice of appeal from the trial court's order of October 17, 1990. This argument, which is not supported by citation to any authority in violation of Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)), is without merit.

The record reflects that the order of October 17, 1990, merely stated that Safeway was granted leave to deposit with the clerk of the circuit court the amount of the judgments entered on July 27, 1987 (jury's verdict of $1,350 due on the financing agreement), and on March 4, 1988 (award of costs and attorney fees for vexatious and unreasonable conduct by Safeway), plus interest accrued through April 19, 1990, in satisfaction of those judgments. This interlocutory order, which did not dispose of all of the claims against Safeway, was not a

final judgment and did not include a finding that it was appealable under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Accordingly, the trial court retained jurisdiction over the subject matter of the order. *Brown v. Scotillo* (1984), 104 Ill. 2d 54, 58, 470 N.E.2d 504; *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 185, 446 N.E.2d 242.

Contrary to the contention of Safeway, Manzo was not obligated to file a motion for reconsideration or a motion to vacate this order. In addition, Manzo had no right to file an appeal until the court had entered a final order or judgment as contemplated by Supreme Court Rule 301 or 304 (134 Ill. 2d Rules 301, 304). On October 17, 1991, Manzo filed a timely notice of appeal of the court's order of September 19, 1991, which denied his amended motion for reconsideration. The October 17, 1991, order included the statement that there was "no just reason to delay enforcement or appeal of this order." This order finally disposed of all of the claims between the parties (134 Ill. 2d R. 301), and Manzo's appeal was proper and timely filed.

■ We next consider Manzo's claim that the trial court erred in finding that Safeway's payment of $15,902.97 to the clerk of the circuit court satisfied the judgments against it. In support of this claim, Manzo asserts that Safeway's obligation was not satisfied because it never tendered payment of the full amount of the judgments, costs, and interest within the meaning of section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1303).

Section 2—1303 of the Code of Civil Procedure provides that "[t]he judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." Ill. Rev. Stat. 1987, ch. 110, par. 2—1303.

Yet, a judgment creditor's right to draw interest stops if the judgment debtor offers to tender payment of the judgment, costs and interest accrued on the judgment and the judgment creditor rejects the offer. (*Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 462-63, 551 N.E.2d 1319; *Casciola v. Gardner* (1981), 101 Ill. App. 3d 852, 855-56, 428 N.E.2d 921; *Needy v. Sparks* (1979), 74 Ill. App. 3d 914, 918, 393 N.E.2d 1252.) Where an offer to tender has been rejected, a formal tender would be a vain, idle and useless act. (*Casciola,* 101 Ill. App. 3d at 855; *Needy,* 74 Ill. App. 3d at 919-20.) Thus, actual tender is excused where an offer to tender has been rejected by the judgment creditor. *Casciola,* 101 Ill. App. 3d at 855; *Needy,* 74 Ill. App. 3d at 920.

There is no evidence that Safeway actually tendered payment of the judgment and interest prior to November 1990. The record reflects, however, that Safeway's counsel sent a letter dated April 19, 1990, to Manzo's attorney, stating "Safeway is willing to pay the judgment entered against it by [the trial judge] in this cause plus interest accrued pursuant to statute. Please contact me within 7 days of the date of this letter to arrange payment." This letter merely indicated a willingness to pay the judgment that Safeway was legally obligated to pay. Safeway's counsel did not calculate the interest due, and the letter did not offer to tender a specified amount which consisted of the judgment and interest as of a date certain. We hold that the April 19, 1990, letter from Safeway cannot fairly be construed as an offer to tender judgment and interest. Because there was no offer to tender which was rejected, formal tender by Safeway was not excused. Thus, the trial court erred in finding that interest on the judgment ceased to accrue as of April 19, 1990, and that the deposit of $15,902.97 in November 1990 satisfied Safeway's obligation to Manzo.

■ We next consider Manzo's claim that the trial court erred in denying his request for the attorney fees incurred in defending the appeal brought by Safeway. This contention is predicated upon Manzo's assertion that a comment from the bench at the oral argument on the first appeal indicated that he was entitled to an award of the fees expended on the appeal. The tape of that oral argument is no longer available, but, after considering the appellate court record, we question whether any member of this court made such an indication.

In oral argument in this case, the attorney for Manzo told us that he had filed his petition for appellate fees in this court before oral argument in the first appeal. This statement is false. Oral argument was heard in the first appeal on October 12, 1989. On January 30, 1990, more than three months *after* oral argument, Manzo's attorney filed the motion in this court requesting an award for attorney fees. This motion was denied on April 6, 1990, the same date the decision was issued. The opinion made no mention of an award of fees, and the mandate included no reference to an award of fees. The attorney for Manzo did not file any motion in this court for clarification or for reconsideration. If this court believed that Manzo was entitled to award fees incurred in defending the appeal, we would have granted the motion for fees, and the opinion and mandate would have specifically provided for the payment of fees. On remand, the trial court was obligated to act in accordance with the mandate and had no right to exceed its terms. (*P S L Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 308, 427 N.E.2d 563.) Accordingly, we hold that the

trial court acted properly in denying Manzo's request for fees incurred in defending the first appeal brought by Safeway.

■ We observe that Manzo has also requested an award for the fees expended on remand and in the instant appeal, asserting that Safeway's conduct on remand was vexatious, capricious and unreasonable under section 155 of the Insurance Code (Ill. Rev. Stat. 1991, ch. 73, par. 767). Yet, Manzo has failed to cite any relevant authority or references to the record which would support such a claim. Consequently, we deny this request for additional fees. See 134 Ill. 2d R. 341(e)(7).

For the foregoing reasons, the trial court's ruling that Safeway's deposit of $15,902.97 with the clerk of the court fully satisfied the judgment is reversed, and the denial of Manzo's request for attorney fees is affirmed.

Affirmed in part and reversed in part.

McNAMARA, P.J., and EGAN, J., concur.