54 215
77a 272
54 215
81a 570
54 215
201 3468

GEORGE SWEETLAND

*v.*

RUSSELL TUTHILL.

1. TENDER—*at what time it may be made.* A debtor may, even after suit is brought, and at any time before the trial, make a sufficient tender and relieve himself from future costs.

2. But in such a case, he should tender a sum sufficient to cover all that the creditor then has a right to recover, whether of debt, interest or costs, and if he tenders less, the tender is not good, and the plaintiff would be entitled to recover costs.

3. SAME—*effect of verdict for a less sum than was tendered.* A debtor tendered his creditor a certain sum as the amount due, which, being refused, was deposited in court. Upon a trial by jury, a verdict was rendered for a less sum, when the court ordered the residue to be refunded to the defendant: *Held,* this was error, the defendant having, by tendering the sum, admitted it was due.

APPEAL from the Circuit Court of Perry county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

The opinion states the case.

Mr. EDWARD V. PIERCE and Mr. S. G. PARKS, for the appellant.

Mr. GEORGE W. WALL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by appellant against appellee. The declaration contained two special counts and the common money counts. The special count was on a promissory note, dated May 1, 1868, for $100, with interest at ten per cent per annum. The other special count was on a similar instrument, for $300, bearing date on the twenty-second day of February, 1868. As to the first count, appellee filed no plea, but brought in and tendered in court $110 as the amount due on the note declared on, but not being received, it was deposited with the clerk for appellant. A default was taken on that count.

Pleas were filed to the other counts and a trial was had, resulting in a verdict for the defendant on these counts, and the damages were assessed under the first count at $109.91.7. Thereupon the court rendered a judgment against plaintiff for the costs of the suit. The record is brought to this court, and we are requested to reverse the judgment on various grounds.

It is first urged, that our practice does not warrant the payment of money into court, so as to escape payment of the costs of the suit. This may be true, but we deem it unnecessary to determine that question in this case. The law does clearly authorize a debtor to make a tender of the amount he owes his creditor, and thus relieve himself from costs, if suit shall be afterwards brought. And no reason is perceived why a debtor may not, even after suit is brought, and at any time before the trial, make a sufficient tender and relieve himself from future costs. But in such a case, he should tender a sum sufficient to cover all that the creditor then has a right to recover, whether of debt, interest or costs. If he tender less, then the tender is not good, and the plaintiff would be entitled to recover costs. In this case, costs had accrued, which appellant had a right to recover, and the tender was not sufficient to cover them, it only being some eight cents more than the note and interest. He, then, remained liable for costs.

Had he tendered enough to cover the debt and costs, then this judgment would have been proper.

By tendering the money, appellee admitted the sum was due to appellant, and it was error to order any portion of the sum to be refunded. The sum ordered to be refunded is so small, that if there was no other error in the judgment, it would not be disturbed. But the court rendered judgment against appellee for all costs which had accrued prior to the day the tender was made, and against appellant for all subsequent costs. We have seen that the tender was not sufficient to exonerate appellee from costs, and as he failed in his tender, the judgment should have been against him for the costs. The judgment was, then, erroneous, so far as it was against appellant for any portion of the costs.

We have examined the instructions, and are unable to see that they do not fairly present the law of the case to the jury. Nor do we perceive that they could have misled the jury, and a careful examination of the evidence shows that it sustains the verdict. But, for the error indicated, the judgment of the court below is reversed and the cause remanded, with instructions to the court below to render a judgment against appellee for the costs of the suit.

*Judgment reversed.*