LORRAINE E. NEEDY, Adm'x of the Estate of Frank E. Needy, Deceased, Plaintiff-Appellant, *v.* MARVIN O. SPARKS, Defendant.—(SAFEWAY INSURANCE COMPANY, Garnishee-Appellee.)

First District (5th Division)   No. 78-2126

Opinion filed August 10, 1979.

Marshall E. LeSueur, of Finn, LeSueur and Challos, of Chicago, for appellant.

Block, Levy and Becker, Chartered, of Chicago (Alvin R. Becker, of counsel), for appellee Safeway Insurance Company.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff, a judgment creditor, brought this garnishment proceeding against Safeway Insurance Co. (Safeway), insurer of the judgment debtor Marvin O. Sparks. On appeal, she contends that the judgment entered in her favor was less than it should have been, and the issue presented for review is whether the trial court erred in concluding that Safeway's obligation to make a tender in discharge of its contractual liability under the policy was excused and its liability for post-judgment interest therefore terminated.

On June 26, 1975, plaintiff obtained a judgment against Sparks in the amount of $125,000 plus costs in a wrongful death action arising from a collision of motor vehicles. Sparks was covered by an insurance policy issued by Safeway, whose exposure was limited to $10,000 per person. The policy also provided for the following supplementary payments:

> "(a) all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest on the entire amount of

any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon."

It appears that on June 27, 1975, the day after entry of judgment, Alvin Becker (attorney for Safeway) telephoned Marshall LeSueur (who represented plaintiff) to discuss the payment of Safeway's obligation under its policy. No agreement was reached at that time, and plaintiff ultimately commenced a proceeding under "An act in regard to Garnishment * * *" (Ill. Rev. Stat. 1977, ch. 62, par. 33 *et seq.*), seeking to have Safeway's obligations under the policy applied to the judgment debt. It is the position of plaintiff that under the supplementary payments provision of the policy in question, Safeway was obligated to pay interest on the full amount of the judgment until it paid, tendered, or deposited in court the full amount of its liability under the policy and, because it had not made such payment, tender, or deposit, it was liable for interest on the full amount of the judgment. Safeway maintains, however, that its obligation to pay interest on the full amount of the judgment was terminated because, in the telephone conversation of June 27, plaintiff's attorney excused tender.

At the garnishment hearing, Becker and LeSueur were the only persons testifying, and their testimony centered around the June 27 telephone conversation. Becker stated that prior to making the call, he told Safeway's claims manager to prepare a check and obliterate the words "in full release and satisfaction" and substitute "in partial payment"; that he then telephoned LeSueur and explained that he had ordered a check in the amount of $10,000 plus $40.84 court costs and $25 representing interest on the entire judgment for one day; that LeSueur expressed the belief that plaintiff had a valid claim for the entire $125,000 judgment because of negligence or bad faith on the part of Safeway and that he would not under any circumstances accept the check suggested by Becker; that he (Becker) told LeSueur that the words "in full release and satisfaction" would be obliterated from the face of the check; that LeSueur repeated that he would not accept a check; and that he (Becker) then notified Safeway's claims manager not to have the check delivered. To the contrary, while acknowledging the telephone conversation of June 27, LeSueur denied that Becker said the Safeway draft was in partial payment and stated that Becker told him it was in full settlement, release and satisfaction of the judgment.

A letter dated June 30, 1975, which Becker testified he sent to LeSueur, was admitted into evidence and reads as follows:

"Dear Mr. LeSueur:

Conforming [*sic*] our telephone conversation of June 27, 1975,

whereby as attorney for the Safeway Insurance Co., the insurer of Mr. Sparks, defendant in the above captioned case, I offer to you payable instanter the draft of Safeway Insurance Co., in the sum of $10,025 plus all court costs recoverable upon the judgment entered June 26, 1975, which the docket reflects as $40.84.

This tender was made to you in the principal sum of $10,000 plus interest at 6% on $150,000[1] for one day in that as you know, the limits of liability of the Safeway policy is $10,000 per person. Since you advised me that this was not acceptable to you, nor would you accept the same as partial satisfaction of the aforementioned judgment, this letter will also confirm the above mentioned tender is available to you at all times and this letter will confirm that the same will be delivered to you upon you [sic] demand with but four hours notice.

Very truly yours,
Alvin R. Becker."

LeSueur admitted he received but made no response to the letter, and it was agreed that there was no subsequent communication between the attorneys concerning Becker's offer. At the conclusion of the hearing, Safeway agreed to pay plaintiff instanter the amount it conceded was due, and an order was entered permitting it to do so without prejudice to plaintiff's possible right to further interest. Subsequently, after receiving memoranda from the parties, the trial court held that plaintiff was entitled to no further interest, finding:

"1. That an offer of tender to Plaintiff's attorney of Garnishee's liability under the contract of insurance plus interest and costs, was made by Garnishee and was refused by Plaintiff's attorney.

2. That the Plaintiff's refusal to accept the same as tendered and any forwarding of the amount would have been unnecessary and futile.

3. That Garnishee's liability under the contract of insurance has been completely discharged."

This appeal is from that order.

OPINION

■■ The briefs of the parties herein devote considerable attention to various aspects of the law of tender, and we must therefore clarify the central issue in this appeal. Initially, we note that the parties are in agreement that, while an offer of the amount due under the policy was made during the June 27 telephone conversation, no actual tender took place. Further, during oral arguments before this court, plaintiff's attorney

---

[1] As mentioned above, the judgment in the wrongful death action was in fact for $125,000.

conceded that the amount offered was proper under the policy but he took the position that there was a failure of the tender required by the policy because no physical presentation of the amount was made. The significance of tender as it relates to the instant policy is revealed in that section which obligated Safeway to pay "all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon." Accordingly, Safeway's liability for interest would have ceased had tender been made. (See 74 Am. Jur. 2d *Tender* §39 (1974).) However, since it is undisputed that tender was not made, the question thus presented is whether Safeway's liability for interest on the judgment was terminated because tender was excused.

It is clear that under certain circumstances, a creditor may by his conduct excuse tender. As stated in *Gorham v. Farson* (1887), 119 Ill. 425, 10 N.E. 1:

> "Where a creditor, in advance of an offer to pay, or in response to such offer, informs the party under obligation to pay, that he will not accept the amount actually due, in discharge of the indebtedness, the party under obligation to pay is relieved of the duty of tendering the amount actually due." (119 Ill. 425, 442, 10 N.E. 1, 7.)

Thus, the debtor is excused of his obligation of tender where it is reasonably clear that such would be a vain, idle, or useless act. *Osgood v. Skinner* (1904), 211 Ill. 229, 71 N.E. 869; *West Suburban Finance & Thrift Co. v. Herbst* (1939), 300 Ill. App. 322, 21 N.E.2d 37; *Bregman v. Friedman* (1927), 245 Ill. App. 492; *Smith v. Eiger* (1908), 143 Ill. App. 552; 74 Am. Jur. 2d *Tender* §4 (1974).

Plaintiff initially contends that the above law is inapplicable to the case at bar and, in support of this position, he argues that the policy does not provide for the excuse of tender. We see no merit in this contention, however. It was stated in *Illinois Bankers Life Association v. Collins* (1930), 341 Ill. 548, 173 N.E. 465, that:

> "A basic rule of the construction of contracts and a material part of every contract is that all laws in existence when the contract is made necessarily enter into and form a part of it as fully as if they were expressly referred to or incorporated into its terms. This principle embraces alike those which effect its validity, construction, discharge and enforcement. [Citations.] * * * [C]ontracts should be so understood and construed unless otherwise clearly indicated by the terms of the agreement. [Citation.]" (341 Ill. 548, 552-53, 173 N.E. 465, 467.)

(See also *Schiro v. W. E. Gould & Co.* (1960), 18 Ill. 2d 538, 165 N.E.2d

*286; Hindu Incense Manufacturing Co. v. MacKenzie* (1949), 403 Ill. 390, 86 N.E.2d 214; *Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 305 N.E.2d 236, *appeal dismissed* (1975), 60 Ill. 2d 529, 331 N.E.2d 65; *Archibald v. Board of Education* (1958), 19 Ill. App. 2d 554, 154 N.E.2d 867; 12 Ill. L. & Prac. *Contracts* §229 (1955).) Inasmuch as the concept of excuse of tender is an established rule of Illinois law, the fact that the Safeway policy here contains no provision for the excuse of tender does not deter consideration of the concept.

Plaintiff next maintains that the doctrine of excuse can only be found in equity cases and that the rule is inapplicable here where plaintiff is seeking to enforce the legal rights of the insured under the policy. We disagree. The concept of excuse is clearly not limited to equity cases, but appears as well in cases wherein the underlying actions are at law. See, *e.g., West Suburban Finance & Thrift Co. v. Herbst; Bregman v. Friedman;* 74 Am. Jur. 2d *Tender* §§4, 5 (1974).

Alternatively, plaintiff argues that, even if the doctrine of excuse is applicable, the evidence concerning whether tender was excused during the course of the telephone conversation "is at best, in equipoise" and that excuse was therefore not proven. In reviewing the evidence, however, we note that LeSueur testified that during the June 27 conversation Becker offered to pay the $10,000 policy limit plus costs and one day's interest in full satisfaction of the judgment, and that he (LeSueur) declined the offer. From his testimony, no inference can be drawn that he in any way indicated that he would refuse a proper tender made in partial satisfaction of the judgment. However, Becker testified that in the conversation he offered LeSueur a check for the policy limits, costs and accrued interest; that LeSueur responded "that he would not under any circumstances accept any draft of the Safeway Insurance Company"; that when he (Becker) explained that the words "in full release" would be obliterated from the face of the check and words "in partial payment" substituted, LeSueur repeated that he would not accept a draft. Furthermore, in his letter of June 30, Becker repeated the offer to LeSueur and, in the letter, stated:

> "Since you advised me that this [offer] was not acceptable to you, nor would you accept the same as partial satisfaction of the aforementioned judgment [the $125,000 judgment against Sparks], this letter will also confirm the above mentioned tender is available to you at all times and this letter will confirm that the same will be delivered to you upon you [*sic*] demand with but four hours notice."

LeSueur admits receiving the letter and that he made no response to it. Thus, from Becker's testimony and the contents of the June 30 letter, it appears that LeSueur stated that he would not accept the amount due

under the policy and that tender on Safeway's part would have been a vain, idle and useless act. The trial court, in finding that an excuse of tender had occurred, apparently accepted the testimony of Becker. The fact that the trial court favors the testimony of one witness over that of another is not grounds for reversal, however, as it is well established that when testimony is contradictory the trial judge is in a better position than a court of review to determine the credibility and weight of the evidence. (*Stilwell v. Continental Illinois National Bank & Trust Co.* (1964), 31 Ill. 2d 546, 202 N.E.2d 477; *Valasquez v. Yellow Cab Co.* (1975), 32 Ill. App. 3d 934, 337 N.E.2d 365; *Anderson v. City of Chicago* (1975), 29 Ill. App. 3d 971, 331 N.E.2d 243.) Accordingly, we conclude that the trial court's finding that plaintiff excused Safeway's obligation of tender is adequately supported in the evidence.

We turn then to plaintiff's argument that Safeway was required by its policy to deposit the money in court if it anticipated a refusal of tender. We do not believe that such was required under the terms of the policy, which provides that Safeway could terminate its liability by one of three acts—payment, tender, or deposit of the money in court—at Safeway's option. It is nowhere provided that the insured or party asserting the rights of the insured may require Safeway to terminate its interest liability in any particular manner by refusing one of the allowed modes of performance. We therefore hold that once tender had been excused, Safeway was not required to deposit funds with the court to terminate further accrual of its interest liability.

For the reasons stated above, the judgment of the trial court is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.