GRAZIELLA CASCIOLA, Plaintiff-Appellant, *v.* SAMUEL C. GARDNER, Defendant-Appellee.

First District (1st Division)    No. 80-2804

Opinion filed October 26, 1981.—Rehearing denied December 14, 1981.

Ernest T. Rossiello, of Chicago, for appellant.

Douglas & Brewer, of Chicago (Lloyd P. Douglas and Donald R. Brewer, of counsel), for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Graziella Casciola (plaintiff) obtained a judgment against Samuel Gardner (defendant) for $25,000. Defendant was insured by the Kenilworth Insurance Company (Kenilworth) with a policy limit of $10,000. A dispute arose between plaintiff and Kenilworth as to the amount due plaintiff under the policy. This court taxed costs of $363.85 against defendant. On September 25, 1980, the trial court entered an order taxing circuit court costs of $1328.83 and fixing the rate of interest on the judgment at 8 percent by agreement of the parties. On October 14, 1980, after a further hearing, the trial court fixed interest in the amount of $23.40 representing interest for four days on the entire judgment. Plaintiff has appealed from this latter order.

The genesis of the judgment against defendant is set forth in *Casciola v. Gardner* (1980), 86 Ill. App. 3d 880, 408 N.E.2d 965. This first appeal to this court followed a judgment for plaintiff of $25,000 entered August 3, 1979, and involved the subsequent granting of a new trial to defendant.

It is undisputed that the policy required Kenilworth to pay a prevailing plaintiff's court costs plus interest "which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon."

On August 6, 1979, counsel for Kenilworth telephoned counsel for plaintiff and offered to pay the $10,000 policy limit, interest on the judgment, and "costs." Counsel for plaintiff refused to accept this payment and filed an action in garnishment against Kenilworth on August 14, 1979.

On October 30, 1979, counsel for Kenilworth sent a letter to counsel for plaintiff which stated in part:

"This will also serve to confirm our conversation today in which you reiterated your position, expressed on the phone to me on August 6, 1979, that you would not accept Kenilworth's obligation to defendant, Samuel Gardner, under his insurance policy with Kenilworth either as a satisfaction of the judgment or a partial satisfaction of the judgment to the extent of Kenilworth's obligation.

This letter will serve to confirm Kenilworth's position that it will pay the sum of $10,000 plus the court costs and interest on the judgment from August 3, 1979 to August 6, 1979, and stands ready to make this payment at any time you request as partial satisfaction of the judgment entered on August 3, 1979."

On November 26, 1979, in another letter to plaintiff's attorney, counsel for Kenilworth reiterated its offer to pay plaintiff the $10,000 policy limit plus costs and interest as follows:

"This is to inform you that Kenilworth Insurance Company has directed me to reaffirm its position as outlined in my letter of October 30, 1979. Kenilworth will still pay $10,000.00, the limit of the policy it issued to defendant, Samuel C. Gardner, plus court costs, plus interest on the judgment from August 3, 1979 to August 6, 1979, either as full settlement of your client's claim against Samuel Gardner or as partial satisfaction of said claim.

Kenilworth Insurance Company stands ready to make the above payment at any time such a request is received from you."

On August 15, 1980, the trial court reinstated the judgment for plaintiff. This was done in accordance with the previous opinion of this court published on July 14, 1980. Pursuant to a telephone conversation, counsel for plaintiff wrote to Kenilworth on August 26, 1980. This letter confirmed plaintiff's acceptance of the $10,000 offered by Kenilworth as partial satisfaction of the judgment. Counsel for plaintiff also enclosed an itemized list of the trial court costs claimed by plaintiff plus appellate court costs and interest.

On August 29, 1980, Kenilworth informed counsel for plaintiff it disputed the court costs thus claimed. The parties could not resolve this dispute, and Kenilworth petitioned the trial court for resolution. This resulted in the order concerning costs entered in the trial court on September 25, 1980, as above set forth.

As a basis for the order appealed from entered October 14, 1980, the trial court found the refusal of counsel for plaintiff on August 6, 1979, to accept the offer by Kenilworth excused Kenilworth from actual physical tender of the amount due. Therefore, the trial court ruled accrual of

interest on the judgment terminated on August 6, 1979. The order appealed from accordingly allowed interest on the total judgment for four days or $23.40. See *River Valley Cartage Co. v. Hawkeye-Security Insurance Co.* (1959), 17 Ill. 2d 242, 161 N.E.2d 101.

In this court, plaintiff contends the conduct of Kenilworth did not constitute an excuse of tender and should not have tolled the accumulation of interest on the judgment and costs.

It is undisputed Kenilworth did not actually make a physical tender of the funds in question to plaintiff or her counsel until the court proceedings of August 29, 1980, and September 14, 1980, were concluded. Therefore, the question remains whether the liability for interest on the judgment and costs terminated on August 6, 1979, because formal tender was excused by actions of the parties.

Kenilworth relies primarily on *Needy v. Sparks* (1979), 74 Ill. App. 3d 914, 918, 393 N.E.2d 1252, which stated:

"It is clear that under certain circumstances, a creditor may by his conduct excuse tender. As stated in *Gorham v. Farson* (1887), 119 Ill. 425, 10 N.E. 1:

'Where a creditor, in advance of an offer to pay, or in response to such offer, informs the party under obligation to pay, that he will not accept the amount actually due, in discharge of the indebtedness, the party under obligation to pay is relieved of the duty of tendering the amount actually due.' (119 Ill. 425, 442, 10 N.E. 1, 7.)

Thus, the debtor is excused of his obligation of tender where it is reasonably clear that such would be a vain, idle, or useless act. [Citations.]"

We find virtually the same facts in *Needy* as in the case at bar: an identical policy provision, a judgment exceeding the policy limit, a verbal offer by counsel for the insurer to pay the policy limit plus specified interest and costs in full or partial satisfaction of the judgment, a written offer to this effect, rejection of these offers and garnishment.

The *Needy* court concluded actual tender of the funds would have been "a vain, idle and useless act." (74 Ill. App. 3d 914, 920.) Because actual tender of the funds was excused, the accrual of interest on the judgment ceased when the offer to pay was made and refused. 74 Ill. App. 3d 914, 920.

■■ We find *Needy* directly applicable here. In the instant case, it is undisputed that on August 6, 1979, counsel for Kenilworth offered to pay plaintiff the $10,000 policy limit, interest on the judgment and "costs." The letter of October 30, 1979, which counsel for plaintiff received, adequately confirms this conversation. This and the subsequent letters clearly indicate Kenilworth stood prepared to pay this money upon plaintiff's

request. Plaintiff, however, chose to institute garnishment proceedings against Kenilworth. Following *Needy*, we concur with the trial court that actual physical tender of the funds to plaintiff or her counsel would have been a useless act, since it was clear such tender would be rejected. Thus, interest on the judgment ceased to accrue as of August 6, 1979, when actual tender was excused.

Plaintiff argues *Needy* is distinguished from the instant case in that the moneys there offered to plaintiff by the insurance carrier included a specified and undisputed amount of court costs. In the instant case, notes plaintiff, Kenilworth only offered to pay the "costs" of plaintiff, without specifying a sum. Plaintiff argues an ongoing dispute as to the total amount of costs taxable to Kenilworth existed until the hearing of September 25, 1980. Thus, plaintiff contends any tender offer by Kenilworth was incomplete, so that plaintiff properly rejected it.

■■ We disagree. In this case, as in *Needy*, the question before the court was not whether the insurer made an insufficient tender, but whether or not actual tender was excused by the conduct of the creditor in response to the offer of payment. Because no tender was actually made in the instant case, the insufficiency of tender is not at issue. As noted by the trial court, it is also significant that when Kenilworth first offered to pay the court costs on August 6, 1979, it had no knowledge of the sum claimed by plaintiff. It is clear that rather than promptly submitting to Kenilworth an itemized list of costs claimed, counsel for plaintiff rejected the offer out of hand and initiated garnishment proceedings. No list of court costs was submitted to Kenilworth by plaintiff until August 26, 1980. The offer by Kenilworth remained open as partial or full satisfaction of the judgment. There could have been, therefore, no dispute as to these costs until that time. Plaintiff's argument is accordingly rejected.

Plaintiff urges that the statute pertaining to interest requires a legal tender by Kenilworth which was never made. The pertinent statute (Ill. Rev. Stat. 1979, ch. 74, par. 3) provides:

> "The judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, or other steps to reverse, vacate or modify the judgment."

■■ It is patent that this statute by its terms applies to payment in full by a judgment debtor and has no application to the situation at bar involving an insurance carrier in the process of discharging its policy obligation.

Finally, plaintiff urges this court to establish guidelines on exactly what costs are taxable in favor of a prevailing party. We respectfully reject this invitation. We await instructions on that subject by the Supreme Court of Illinois. Also, plaintiff's notice of appeal concerns only the

October 14, 1980, ruling on interest. The taxation of costs is not before us.

We find it unnecessary to consider the motion of Kenilworth to dismiss this appeal on the grounds of waiver and mootness.

The order appealed from is accordingly affirmed.

Order affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.