PHILIP NIEMEYER, Plaintiff-Appellant, v. WENDY'S INTERNATIONAL, INC., Defendant-Appellee.

First District (4th Division)    No. 1—00—3357

Opinion filed December 5, 2002.

Stoller & Garstki, of Chicago (Steward Stoller and Steven E. Garstki, of counsel), for appellant.

Peters Law Firm, of Chicago (Beverly C. Bryant and R. Delacy Peters, Jr., of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

This appeal arises out of a dispute between the parties as to the amount of interest owed by defendant, Wendy's International, Inc., on a judgment entered on behalf of plaintiff, Philip Niemeyer. Plaintiff sought payment of interest from the date of judgment to the date of tender in accordance with Code of Civil Procedure (Code) section 2—1303 (735 ILCS 5/2—1303 (West 2000)) (section 2—1303), including interest accrued throughout the pendency of his direct appeal. Following a hearing on plaintiff's motion to enforce judgment, including interest and costs, the circuit court ordered defendant to pay interest from November 22, 1995, the date judgment was entered, to December 6, 1995, the date defendant offered plaintiff payment in the amount of the jury verdict. The court also ordered defendant to pay plaintiff $17,684.01 in costs. Plaintiff appeals.

Plaintiff questions for review whether the circuit court abused its discretion in holding that plaintiff was entitled to interest from November 22, 1995, to December 6, 1995.

On July 24, 1990, plaintiff was struck and injured by a light fixture which detached from the ceiling at a Wendy's restaurant. Following plaintiff's personal injury trial, the jury returned a verdict in his favor totaling $130,250. The circuit court entered judgment on the verdict on November 22, 1995.

On November 30, 1995, defendant issued a check payable to plaintiff in the sum of $130,250, which included neither interest nor costs. Defendant had typed on the check "in full and final satisfaction of Case # 91 L 6170." The check was sent from defendant's attorney to plaintiff's attorney with a letter dated December 6, 1995, which stated:

"Pursuant to the verdict of the jury with respect to the above-referenced matter and the judgment entered *** on November 22, 1995, enclosed please find my client's check in the amount of One Hundred Thirty Thousand Two Hundred Fifty Dollars ($130,250) payable to Plaintiff, Phillip Niemeyer [sic] and your law firm in full and final satisfaction thereof."

Plaintiff did not accept defendant's payment and the check was returned.

On December 17, 1999, this court affirmed the judgment on direct appeal. *Niemeyer v. Wendy's International, Inc.*, No. 1—98—0689 (1999) (unpublished order under Supreme Court Rule 23).

Thereafter, plaintiff moved to enforce judgment, including interest

and costs, pursuant to section 2—1303 of the Code.[1] On July 5, 2000, defendant issued a second check to plaintiff in the amount of the jury verdict, which was delivered to plaintiff on July 10, 2000. The record does not show whether plaintiff returned this check to defendant.

Plaintiff argued in his brief supporting the motion that defendant wrongfully attempted to force him to accept a check "in full and final satisfaction" of the judgment in the amount of the verdict, with no offer to pay interest or costs. Plaintiff insisted that defendant never offered him a legally sufficient tender because the payment did not include interest and costs. Because defendant failed to offer a valid tender, plaintiff contended that section 2—1303 entitled him to interest and costs accrued from the date judgment was entered, through the pendency of his appeal and thereafter, until defendant submits payment in compliance with the statute.

Defendant responded that plaintiff failed to timely object to the amount and form of the check and, therefore, waived argument of the issue, relying on *Shuster v. Brantley*, 238 Ill. App. 3d 770, 606 N.E.2d 612 (1992) (*Shuster*). Defendant argued that interest stopped accruing on December 6, 1995, the date its first check was delivered to plaintiff.

The circuit court heard argument on the motion and ordered defendant to pay plaintiff interest on the judgment from November 22, 1995, to December 6, 1995.[2] In addition, the court ordered defendant to pay plaintiff costs totaling $17,684.01. Plaintiff appeals the court's order solely with respect to payment of interest.

Plaintiff asserts that the circuit court erred by not ordering defendant to pay interest accrued from the date of judgment, through pendency of his appeal and thereafter, until the submission of valid tender. According to plaintiff, defendant tried to "connive" him into accepting payment without interest and costs in violation of section 2—1303 of the Code. Plaintiff contends that defendant's checks did not constitute a legally valid tender and that defendant never intended to pay interest, as evidenced by the "full and final satisfaction" language previously noted.

Defendant responds that the circuit court's findings were not in contravention of section 2—1303 because it ordered payment of interest until December 6, 1995. Defendant argues that its December 6, 1995, delivery of the $130,250 check constituted a legal tender for the

---

[1]Plaintiff's motion to enforce judgment, including interest and costs, is not in the record.

[2]The report of proceedings from plaintiff's motion is not in the record and, therefore, the bases upon which the circuit court relied in awarding interest are unclear.

full amount of the money owed on the judgment and that plaintiff's failure to object timely to the tender waived his right to further accrual of interest, citing *Shuster*.

■ The decision to allow statutory interest lies within the sound discretion of the circuit court and will not be disturbed absent an abuse of that discretion. *Bank of Chicago v. Park National Bank*, 277 Ill. App. 3d 167, 173, 660 N.E.2d 19 (1995).

■ Section 2—1303 of the Code entitles a judgment creditor to draw interest on the judgment during the pendency of an appeal. 735 ILCS 5/2—1303 (West 2000); *Yassin v. Certified Grocers of Illinois, Inc.*, 133 Ill. 2d 458, 462, 551 N.E.2d 1319 (1990) (*Yassin*). Under section 2—1303, "[j]udgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied." 735 ILCS 5/2—1303 (West 2000). The language of section 2—1303 is mandatory, positive and self-executing. *Department of Public Aid ex rel. McGinnis v. McGinnis*, 268 Ill. App. 3d 123, 132, 643 N.E.2d 281 (1994); *Robinson v. Robinson*, 140 Ill. App. 3d 610, 612, 488 N.E.2d 1349 (1986).

A judgment creditor's right to draw interest on the judgment during pendency of the appeal stops, however, if the judgment debtor tenders payment of the judgment, costs and interest accrued on the judgment to the date of tender. *Yassin*, 133 Ill. 2d at 462. Likewise, accrual of interest during pendency of an appeal stops if the judgment creditor rejects the judgment debtor's offer to tender payment of the judgment, costs and interest. *Yassin*, 133 Ill. 2d at 462-63; *Casciola v. Gardner*, 101 Ill. App. 3d 852, 855-56, 428 N.E.2d 921 (1981).

Because only a valid tender can stop the accrual of interest (*Pinkstaff v. Pennsylvania R.R. Co.*, 31 Ill. 2d 518, 525, 202 N.E.2d 512 (1964) (*Pinkstaff*)), the action of the judgment debtor in making the tender controls, not the judgment creditor's acceptance or rejection. *Thomas v. Missouri-Illinois R.R. Co.*, 30 Ill. App. 3d 40, 43, 332 N.E.2d 139 (1975) (*Thomas*). Therefore, the issue of whether plaintiff waived his right to further accrual of interest on the judgment is contingent upon whether defendant's offers of payment constituted a legally sufficient tender.

■ Tender is defined as "[a]n unconditional offer of money or performance to satisfy a debt or obligation." Black's Law Dictionary 1479 (7th ed. 1999). "Generally, a tender must include everything to which the creditor is entitled, and a tender of any less sum is nugatory and ineffective as a tender. It must include interest due, costs then due or accrued, and attorneys' fees to which the creditor has become entitled by force of the agreement of the parties, as by commencement of suit or otherwise." 74 Am. Jur. 2d *Tender* § 20 (2001). The supreme

court has held that a valid tender by a judgment debtor must be " 'sufficient to cover all that the creditor then has a right to recover, whether of debt, interest or costs. If he tender less, then the tender is not good.' " *River Valley Cartage Co. v. Hawkeye-Security Insurance Co.*, 17 Ill. 2d 242, 246, 161 N.E.2d 101 (1959), quoting *Sweetland v. Tuthill*, 54 Ill. 215, 216 (1870).

In *Yassin*, defendants contended that the judgment debtor offered to tender payment of insurance policy limits in satisfaction of a judgment; that plaintiff, the judgment creditor, rejected each of the offers; and, as a result, plaintiff's right to draw interest on the judgment stopped. The purpose of section 2—1303 is to make the judgment creditor "whole" by requiring the judgment debtor to give up use of the money owed, thereby allowing the creditor to use the funds to earn interest if he or she so chooses while the matter is pending. *Thomas*, 30 Ill. App. 3d at 42. Following this rationale, the *Yassin* court found that defendants' offers to tender payment of the policy limits to satisfy the judgment were legally insufficient because they "never offered to tender, or intended to tender, payment of interest accrued on the judgment to the date of tender." (Emphasis omitted.) *Yassin*, 133 Ill. 2d at 464.

■ In the instant case, as in *Yassin*, whether the judgment creditor rejects the judgment debtor's offer of payment is irrelevant if the judgment debtor fails to offer legally sufficient tender. Defendant here did not offer plaintiff a legally sufficient tender because neither of the checks included the amount of interest accrued from the date of judgment. See *Pinkstaff*, 31 Ill. 2d at 525-26 (a payment deposited with the clerk of the circuit court for less than the full judgment plus accumulated interest failed to meet tender requirements). The checks and the December 6, 1995, letter to plaintiff's attorney, which each included language indicating payment for full and final settlement, are further evidence of defendant's intention not to pay interest on the judgment to the date of tender. Accordingly, plaintiff's statutory right to accrue interest on the judgment during the pendency of his appeal did not stop and he is entitled to 9% interest *per annum* from the date of the judgment pursuant to section 2—1303. *Yassin*, 133 Ill. 2d at 464. The circuit court abused its discretion by holding that accrual of interest was limited to the time between November 22, 1995, and December 6, 1995.

Noting defendant's reliance on *Shuster* in arguing that plaintiff waived his right to accrued interest beyond December 6, 1995, this court is bound by the supreme court's decision in *Yassin*; *Shuster* did not consider the supreme court's findings in its opinion.

Further, defendant's contention that the checks should be

considered as partial payment lacks merit. As discussed above, both checks issued to plaintiff and a December 6, 1995, letter from defendant contained language that payment was in full satisfaction of the judgment. A payment expressly tendered in full satisfaction of all liability cannot be treated as a partial payment of such liability. See *Pinkstaff*, 31 Ill. 2d at 526. Accordingly, the rules of partial payment need not be applied.

Based on the foregoing, the decision of the circuit court of Cook County ordering defendant to pay accrued interest from November 22, 1995, to December 6, 1995, is reversed. On remand, the circuit court is instructed to enter an order requiring defendant to pay all accrued interest at a rate of 9% *per annum* from the date of judgment, through the pendency of plaintiff's appeal and thereafter, to the date of tender pursuant to section 2—1303. 735 ILCS 5/2—1303 (West 2000).

Reversed and remanded with instructions.

GREIMAN and KARNEZIS, JJ., concur.