# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Poliszczuk v. Winkler*, 2011 IL App (1st) 101847

---

| | |
|---|---|
| Appellate Court Caption | JOSEPH POLISZCZUK and CHARLES C. POLISZCZUK, Father and Next Friend of Marie Poliszczuk, Plaintiffs-Appellants, v. KATHRYN A. WINKLER, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-1847 |
| Filed | December 9, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a personal injury action where a judgment was entered for plaintiffs and plaintiffs then moved for postjudgment interest and costs, the trial court erred in entering an order granting plaintiffs interest to the date of a letter to plaintiffs from defendants offering to pay the judgment plus court costs based on the trial court's determination that defendants made a "satisfactory tender at that date," since the letter did not make a "legally sufficient tender," it did not include interest, provide date for payment or indicate interest would be paid to date of payment, and plaintiffs' failure to respond to the letter did not waive their rights to accrual of interest on the judgment pending their appeal; therefore, the order was reversed and the cause was remanded for recalculation of interest. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 02-M2-0733; the Hon. Roger G. Fein, Judge, presiding. |
| Judgment | Reversed and remanded, with instructions. |

| Counsel on Appeal | Deidre Baumann and Jeremy P. Hogan, both of Baumann & Shuldine, of Chicago, for appellant. |
|---|---|
| | Jonathan T. Koehler, of Ripes, Nelson, Baggot & Kalobratsos, P.C., of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE R. GORDON delivered the judgment of the court, with opinion. |
| | Justices Garcia and Lampkin concurred in the judgment and opinion. |

## OPINION

¶ 1    Following a jury trial, plaintiffs were awarded damages totaling $39,100 in a personal injury action against defendant, with $30,100 awarded to Marie and $9,000 to Joseph. The trial court entered judgment on the verdict plus costs on September 12, 2006. Plaintiffs appealed the denial of their motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. This court affirmed the trial court in an opinion dated December 1, 2008. *Poliszczuk v. Winkler*, 387 Ill. App. 3d 474 (2008). After the mandate was issued, plaintiffs presented a motion for postjudgment interest and costs. The circuit court entered an order stating: "Plaintiffs' motion for interest is granted in part; Defendant to pay interest from September 16, 2006 to February 6, 2007 (137 days at .38/year) because of a satisfactory tender at that date."

¶ 2    Plaintiffs appeal the trial court's order for partial payment of interest arguing (1) that the trial court erred when it determined that a sufficient offer of tender was made by defendant on February 6, 2007, and (2) that the trial court erred when it determined that plaintiff rejected a sufficient offer of tender.[1]

¶ 3                                    BACKGROUND

¶ 4    After a judgment was entered on the verdict on September 12, 2006, in a telephone conversation between the parties on January 22, 2007, defendant expressed an interest in "cutting" drafts to the plaintiffs for the amount of the verdict. A letter dated February 5, 2007, written and delivered by defendant allegedly memorialized that telephone conversation. The letter states that plaintiffs' counsel indicated during the conversation that the defendant "should hold off on having the drafts prepared" until the period to file a notice of appeal expired. The letter also states that plaintiffs would not seek any fees or interest for failure to pay at that time. The letter concludes by stating, "In the meantime, should you have

---

[1]The trial court used the words "satisfactory tender" instead of "sufficient tender."

any questions or comments, or if any of the above is mistaken or misunderstood, please do not hesitate to contact our office." Defendant never heard from the plaintiffs regarding this letter but plaintiffs' counsel states in an affidavit that fees and interests were never discussed during the January 22, 2007, telephone conversation.

¶ 5     A follow-up letter, dated February 6, 2007, sent from defendant to plaintiffs states that defendant was prepared to pay the judgment plus court costs, requested direction concerning two liens and asked for plaintiffs' tax identification number. The content of the letter is as follows:

"Dear Ms. Baumann:

Please be advised that Allstate Insurance Company is prepared to pay the jury awards. To that end, please advise us of your court costs so that we may include them on the draft for the same. Your anticipated cooperation is greatly appreciated.

Please forward to us your tax identification number.

Finally, please be advised that we have two liens in our file; specifically, liens for Blue Cross/Blue Shield as well as State Farm Mutual Insurance Company. Please advise if you had negotiated the liens in connection with the same, please forward them to our office. Otherwise, we will include both of the lien holders on the drafts.

Please respond to our correspondence no later than February 1, 2007 so that we may issue the drafts in a timely fashion in resolution of this case.

In the meantime, should you have any questions or comments, please do not hesitate to contact our office.

Very truly yours,

RIPES, NELSON, BAGGOT & KALOBRATSOS, P.C."

There was no response to this letter other than plaintiffs' notice of appeal filed on February 20, 2007.

¶ 6     Two years later, in a letter dated February 6, 2009, sent from defendant to plaintiffs, defendant again expresses a willingness to pay the judgment and costs. The letter reads as follows:

"Dear Counsel:

As you are aware, the Appellate Court recently denied your Petition for Rehearing. To that end, please be advised that my client and her carrier are still prepared to pay the original verdicts entered on September 12, 2007 as well as any allowable costs you incurred in this case. Please advise me of your costs so that we may cut those drafts immediately.

Should you have any further questions or comments, please do not hesitate to contact our office.

Very truly yours,

RIPES, NELSON, BAGGOT & KALOBRATSOS, P.C."

Plaintiffs also did not respond to this letter.

¶ 7     Defendant sent a final letter dated February 24, 2009, to plaintiffs, which enclosed and

referenced the letter dated February 6, 2009, that is reproduced above. The February 24, 2009, letter reiterates that defendant offered to send drafts for the amount of the verdict and costs. It also states that plaintiffs indicated they would not be seeking interest. The letter states, "we stand ready to prepare the drafts, not only for the verdicts but also your costs. Please advise accordingly." Again, there was no response to defendant from plaintiffs.

¶ 8        On September 11, 2009, plaintiffs received payment of $39,100 from defendant covering the judgment and the court-filing fee. The plaintiffs filed a motion on December 14, 2009, requesting postjudgment interest and costs. On February 23, 2010, the trial court granted plaintiffs' motion for costs and interest in part, awarding interest to the plaintiffs from the date the judgment was entered, September 16, 2006, to February 6, 2007, finding that the letter dated February 6, 2007, was a sufficient offer of tender.[2] The court ordered defendant to pay $1,338 in interest; $1,030 in interest was awarded to Marie and $308 to Joseph.

¶ 9        Plaintiffs filed an appeal on March 24, 2010, requesting this court to reverse the circuit court's order for partial payment of interest. On appeal, plaintiffs argue that nothing less than full, formal tender in compliance with the Illinois Code of Civil Procedure (735 ILCS 5/2-1303 (West 2010)) will stop the accrual of interest on a judgment, and that for a tender to be sufficient, it must cover all the creditor has a right to recover, including debt, interest, or costs. *Niemeyer v. Wendy's International, Inc.*, 336 Ill. App. 3d 112, 115-16 (2002). Since the February 6, 2007, letter made no reference to the interest owed on judgment, the plaintiffs claim that the circuit court erred as a matter of law when it determined that the letter was a sufficient offer of tender.

¶ 10       Defendant argues that the only issue for review is whether the trial court abused its discretion by awarding plaintiffs interest from September 16, 2006, to February 6, 2007. See *Niemeyer*, 336 Ill. App. 3d at 115 (stating that the decision to allow statutory interest lies within the sound discretion of the circuit court and will not be disturbed absent an abuse of discretion). Defendant maintains that the trial court did not abuse its discretion and correctly found that plaintiff was only entitled to interest from September 16, 2006, to February 6, 2007, because the letter dated February 6, 2007, offered to make a sufficient tender or, alternatively, that plaintiffs' rejection of the offer excused tender.

¶ 11                                              ANALYSIS
¶ 12                                        Standard of Review
¶ 13       Before reaching the merits of this case, we must first determine our standard of review. Plaintiffs argue that because section 2-1303 of the Illinois Code of Civil Procedure (Code) states that "[j]udgments recovered in any court *shall draw interest* at the rate of 9% per annum from the date of judgment until satisfied," postjudgment interest is mandatory and self-executing. (Emphasis added.) 735 ILCS 5/2-1303 (West 2010). Therefore, plaintiffs argue, there is no room for judicial discretion in awarding postjudgment interest.

_____

[2]The trial court's order stated "Plaintiffs' motion for interest is granted in part; Defendant to pay interest from September 16, 2006 to February 6, 2007 (137 Days at .38/year) because of a satisfactory tender at that date."

Accordingly, the plaintiffs contend that this court must determine whether the circuit court erred as a matter of law by awarding postjudgment interest from September 16, 2006, to February 6, 2007. Defendant, on the other hand, argues that the decision to award statutory interest lies within the discretion of the circuit court, and therefore, this court must evaluate whether the trial court abused its discretion by awarding postjudgment interest from September 16, 2006, to February 6, 2007. *Niemeyer*, 336 Ill. App. 3d at 115.

¶ 14     Plaintiffs are correct that section 2-1303 of the Code is mandatory. As this court stated in *Longo v. Globe Auto Recycling, Inc.,* 318 Ill. App. 3d 1028 (2001):

> "Courts have held that the legislature did not vest the trial court with discretion in assessing interest under section 2-1303 of the Code. [Citation.] Rather, imposition of statutory interest at the rate of 9% from the date the final judgment was entered is mandatory." *Longo*, 318 Ill. App. 3d at 1039.

However, plaintiffs' conclusion, that just because postjudgment interest is statutorily mandated a trial court cannot exercise its discretion when determining the date upon which a sufficient tender or offer to tender was made, is incorrect. Determining when tender or a sufficient offer to tender is made is a finding of fact and thus entitled to great deference. See *Cyclonaire Corp. v. ISG Riverdale, Inc.*, 378 Ill. App. 3d 554, 559 (2007). After examining the facts and considering the credibility of the witnesses, the trial court may determine when a sufficient tender or offer to tender was made, which has a secondary effect on the accrual of postjudgment interest. For the foregoing reasons, the standard of review in this matter is whether the circuit court abused its discretion by awarding postjudgment interest from September 16, 2006, to February 6, 2007. See *Niemeyer*, 336 Ill. App. 3d at 116 ("The circuit court abused its discretion by holding that accrual of interest was limited ***."); see also *Bank of Chicago v. Park National Bank*, 277 Ill. App. 3d 167, 174 (1995) ("[t]he circuit court did not abuse its discretion in awarding postjudgment interest" to lender). Thus, we must determine whether the circuit court's ruling was "arbitrary, fanciful, unreasonable," or if "no reasonable person would take the view adopted by the trial court." *People v. Caffey*, 205 Ill. 2d 52, 89 (2001).

¶ 15                                                    Analysis

¶ 16     The statute involved in this dispute is section 2-1303 of the Code, titled "Interest on Judgment." The pertinent portion of the statute states:

> "Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied ***. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." 735 ILCS 5/2-1303 (West 2010).

¶ 17     The predecessor of this statute was interpreted and explained by the Illinois Supreme

Court in *Pinkstaff v. Pennsylvania R.R. Co.*, 31 Ill. 2d 518 (1964). In *Pinkstaff*, the court explained that due to delays in the payment of final judgments, the legislature provided a statutory remedy in the Interest Act (Ill. Rev. Stat. 1963, ch. 74, ¶ 3) by way of awarding interest on judgments to compensate those waiting for payment. *Pinkstaff*, 31 Ill. 2d at 522 (citing *Blakeslee's Storage Warehouses v. City of Chicago*, 369 Ill. 480, 483 (1938)). The court found that the purpose of the legislature must have also been to provide a way for a judgment debtor to stop the accrual of interest under the statute when the judgment creditor pursued an appeal. *Pinkstaff*, 31 Ill. 2d at 524. Our supreme court stated that the purpose and effect of the amendment was to express the intent that the plaintiff should be entitled to interest upon his judgment, even though by appeal he sought to correct errors. *Pinkstaff*, 31 Ill. 2d at 524. At the same time, the amendment afforded the defendant a means, if he chose to use it, of terminating the accrual of interest pending determination of the plaintiff's appeal. *Pinkstaff*, 31 Ill. 2d at 524.

¶ 18        Given that the statute interpreted by the supreme court in *Pinkstaff* is nearly identical to the one in the current Code, the purpose and meaning of our current statute would be the same. A judgment debtor may, by tendering payment or by making a sufficient offer to tender payment to the judgment creditor, or by payment to the clerk of the court, stop the accrual of interest even when the judgment creditor has appealed. *Pinkstaff*, 31 Ill. 2d at 524. However, a judgment debtor may only stop the creditor's right to draw interest on the judgment during the pendency of an appeal when the judgment debtor makes a *sufficient* tender of payment to the judgment creditor which would include a sufficient offer of tender. *Niemeyer*, 336 Ill. App. 3d at 115. Accrual of interest during the pendency of an appeal may also be terminated if the judgment creditor rejects the judgment debtor's offer to make a sufficient tender. *Casciola v. Gardner*, 101 Ill. App. 3d 852, 855-56 (1981). Whether the judgment creditor's rejection constitutes a waiver of his right to further accrual of interest on the judgment is contingent upon whether the judgment debtor's offer constitutes a *sufficient* offer of a tender. *Niemeyer*, 336 Ill. App. 3d at 115.

¶ 19        Our Illinois Supreme Court provided instruction on postjudgment interest in *Yassin v. Certified Grocers of Illinois, Inc.*, 133 Ill. 2d 458 (1990). In *Yassin*, plaintiff's personal injury action proceeded to trial and the jury returned a monetary verdict against the defendant on October 29, 1983. *Yassin*, 133 Ill. 2d at 460. Thereafter, plaintiff proceeded to obtain payment of the judgment plus 9% interest per annum from the date of judgment pursuant to section 2-1303 of the Illinois Code of Civil Procedure via a garnishment action in the circuit court. *Yassin*, 133 Ill. 2d at 460. The First District, Second Division, affirmed the circuit court's decision to award plaintiff interest and the Illinois Supreme Court accepted the case for review. *Yassin*, 133 Ill. 2d at 461. The defendant argued that he offered to tender payment of the policy limits in satisfaction of the judgment on November 28, 1983, January 31, 1984, and December 15, 1986; that plaintiff rejected each of the offers; and, as a result, that plaintiff's right to draw interest on the judgment during the pendency of her appeal ceased when she rejected the offers. *Yassin*, 133 Ill. 2d at 462. The supreme court disagreed and found that although the defendant offered to tender payment of the policy limits and costs, he never offered to tender, or intended to tender, payment of interest accrued on the judgment. *Yassin*, 133 Ill. 2d at 464. The court held that the offers to tender payment of the

policy limits and costs were not legally sufficient offers because they failed to offer interest on the judgment. *Yassin*, 133 Ill. 2d at 464. Since the offers to tender were not sufficient, plaintiff did not waive her statutory right to draw interest on the judgment during the pendency of her appeal. *Yassin*, 133 Ill. 2d at 464. The supreme court's decision in *Yassin* essentially holds that a judgment debtor's offer to tender payment must include the requisite interest due and owing for the tender to be considered sufficient, thus stopping the further accrual of postjudgment interest. *Yassin*, 133 Ill. 2d at 464.

¶ 20      The Fourth Division of the First District also provides instruction as to what constitutes a sufficient tender in order to stop the accrual of postjudgment interest in *Niemeyer*, 336 Ill. App. 3d at 112. In *Niemeyer*, the jury returned a monetary verdict in plaintiff's favor and the trial court entered judgment on the verdict on November 22, 1995. *Niemeyer*, 336 Ill. App. 3d at 113. On November 30, 1995, defendant issued a check payable to plaintiff in the amount of the jury verdict with "in full and final satisfaction" typed on it. *Niemeyer*, 336 Ill. App. 3d at 113. The check was sent to the plaintiff with a letter dated December 6, 1995, stating that the payment was to be in "full and final satisfaction" of the judgment entered. *Niemeyer*, 336 Ill. App. 3d at 113. The plaintiff did not accept defendant's tender of payment because it did not include interest and the check was returned. *Niemeyer*, 336 Ill. App. 3d at 113.

¶ 21      After the judgment was affirmed on appeal, plaintiff moved to enforce the judgment, including interest and costs pursuant to section 2-1303 of the Code. *Niemeyer*, 336 Ill. App. 3d at 113-14. The circuit court ordered the defendant to pay interest from November 22, 1995, to December 6, 1995. *Niemeyer*, 336 Ill. App. 3d at 114. The plaintiff appealed asserting that the circuit court erred by not ordering defendant to pay interest accrued from the date of judgment, through pendency of his appeal and thereafter, until the submission of a valid tender. *Niemeyer*, 336 Ill. App. 3d at 114. The court found that the defendant did not offer plaintiff a sufficient tender on December 6, 1995, when it sent the plaintiff a check in the amount of the jury verdict because the check did not include the amount of interest accrued from the date of judgment entered on November 22, 1995. *Niemeyer*, 336 Ill. App. 3d at 116. Moreover, the language indicating that the check was intended to be full and final payment was evidence of the defendant's intention not to pay interest on the judgment. *Niemeyer*, 336 Ill. App. 3d at 116. The court held that plaintiff's statutory right to accrued interest on the judgment during the pendency of his appeal did not stop on December 6, 1995, and that he was entitled to 9% interest per annum from the date of the judgment, through his appeal, and until the defendant made a legally sufficient tender. *Niemeyer*, 336 Ill. App. 3d at 116.

¶ 22      It is apparent from the *Niemeyer* decision, just as it was in *Yassin*, that for tender or an offer to tender to be considered sufficient for the purpose of stopping the accrual of postjudgment interest, it must, at the very least, include interest on the judgment plus applicable costs. *Niemeyer*, 336 Ill. App. 3d at 116; see also *River Valley Cartage Co. v. Hawkeye-Security Insurance Co.,* 17 Ill. 2d 242, 246 (1959) (quoting *Sweetland v. Tuthill*, 54 Ill. 215, 216 (1870) (holding that a valid tender by a judgment debtor must be " 'sufficient to cover all that the creditor then has a right to recover, whether of debt, interest or costs. If he tenders less, then the tender is not good ***.' ")).

¶ 23                           Sufficient Tender

¶ 24      The first issue this court must review is the circuit court's determination that the February 6, 2007, letter constituted a sufficient tender.

¶ 25      It is clear from the letter dated February 6, 2007, that the letter only states a *willingness* to pay the jury award and court costs while making no mention of interest. The defendant claims that had the plaintiffs advised defendant as to the amount of interest that had accrued since the judgment was entered, the insurance company was ready to issue a draft for that amount also. Defendant also argues that its conduct shows a clear intention to work with the plaintiffs and pay the full amount owed. All of defendant's actions may have been in good faith; however, the burden is on the judgment debtor to offer a sufficient tender to halt the further accrual of interest on the judgment. *Niemeyer*, 336 Ill. App. 3d at 115; see also *Smith v. Gen Co. Corp.*, 11 Ill. App. 3d 106 (1973) (explaining that it is the duty of the debtor to make sure that his tender is sufficient). This was not done in the correspondence between the parties.

¶ 26      The defendant never offered to pay interest to a date in the future, nor did it indicate when payment would be made. Further, the letter dated February 24, 2009, expressed a willingness to pay the jury verdict of $39,100 three years after the judgment was entered and was silent on any willingness to pay interest. Before a letter can be considered as an offer for a sufficient tender, the letter must clearly offer to pay, within a set time period, all that the judgment creditor is entitled to, which includes the amount of the judgment, interest to the date of payment, and all applicable costs. Defendant's February 6, 2007, letter merely expressed a willingness to pay the judgment plus court costs. As a result, we find that the circuit court abused its discretion by holding that defendant's letter was a sufficient tender.


¶ 27                           Tender Excused

¶ 28      The second issue we address is whether tender was excused due to plaintiffs' lack of response to defendant's various letters and offers to tender payment. Both parties are correct in pointing out that under certain circumstances a creditor may, by his conduct, excuse tender. See *Casciola v. Gardner*, 101 Ill. App. 3d 852 (1981); see also *Needy v. Sparks*, 74 Ill. App. 3d 914, 918 (1979). In *Gorham v. Farson*, 119 Ill. 425 (1887), the Illinois Supreme Court stated:

> "Where a creditor, in advance of an offer to pay, or in response to such offer, informs the party under obligation to pay that he will not accept the amount actually due, in discharge of the indebtedness, the party under obligation to pay is relieved of the duty of tendering the amount actually due." *Gorham*, 119 Ill. at 442.

As a result, where it is reasonably clear that the debtor's offer would be a vain, idle or useless act because the creditor will not accept payment, the debtor is excused of his obligation to tender the amount due. *Casciola*, 101 Ill. App. 3d at 855 (quoting *Needy*, 74 Ill. App. 3d at 918); see also *Ford Motor Credit Co. v. Manzo*, 254 Ill. App. 3d 645, 649 (1993).

¶ 29      The facts of *Casciola* and *Needy* are nearly identical. In both cases the defendant verbally offered to tender payment of the judgment, plus applicable costs and interest, in full or partial satisfaction of the judgment; the defendant sent a written letter confirming the oral offer; and

the plaintiff clearly rejected the offer. *Casciola*, 101 Ill. App. 3d at 855. In *Casciola*, the plaintiff refused acceptance of the defendant's offer and immediately instituted garnishment proceedings to collect the judgment. *Casciola*, 101 Ill. App. 3d at 855. In *Needy*, the plaintiff told the defendant that "under no circumstances" would he accept a check for partial payment in satisfaction of the judgment. *Needy*, 74 Ill. App. 3d at 916. Both courts found that because the judgment creditor clearly rejected the judgment debtor's offer to pay the judgment, interest, and costs, whether in full or partial satisfaction of the judgment, actual tender would have been a useless act. *Casciola*, 101 Ill. App. 3d at 856; *Needy*, 74 Ill. App. 3d at 918.

¶ 30    Defendant argues that these "excuse" cases are on point because plaintiffs clearly rejected defendant's offer to tender payment on February 6, 2007, by failing to respond to the letters. We do not find defendant's argument persuasive. Both *Casciola* and *Needy* are distinguishable from the case at bar. In each of those cases, tender was excused when the plaintiff rejected a sufficient offer to tender payment–that is, an offer to make a partial or full payment of the judgment, interest and costs. In *Needy*, the defendant offered to make a partial payment of the judgment in addition to the interest and costs, and in *Casciola* the defendant offered to pay the policy limit, interest and costs. *Needy*, 74 Ill. App. 3d at 916; *Casciola*, 101 Ill. App. 3d at 855. As we stated *supra*, the issue of whether a judgment creditor's rejection of a tender constitutes a waiver of his right to further accrual of interest on the judgment is contingent upon whether the judgment debtor's offer constitutes a legally sufficient offer to tender. *Niemeyer*, 336 Ill. App. 3d at 115. In the case at bar, the defendant's offers, unlike the offers in *Casicola* and *Needy*, did not include interest, did not provide a date for payment or an indication that interest would be paid to the date of payment, and thus did not constitute a legally sufficient offer of tender.

¶ 31    The February 6, 2007, letter did not offer to make a legally sufficient tender, and plaintiffs' failure to respond did not waive their rights to accrual of interest on the judgment pending their appeal.

¶ 32    Reversed and remanded with instructions to recalculate interest in accordance with this opinion.

¶ 33    Reversed and remanded, with instructions.