# Illinois Official Reports

## Appellate Court

---

*G.M. Sign, Inc. v. Swiderski Electronics, Inc.*,
2014 IL App (2d) 130711

---

| | |
|---|---|
| Appellate Court Caption | G.M. SIGN, INC., Individually and as the Representative of a Class of Similarly Situated Persons, Plaintiff-Appellant, v. SWIDERSKI ELECTRONICS, INC., JOSEPH SWIDERSKI III, and DAVID M. SCHWARTZ, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-13-0711 |
| Filed | August 12, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a putative class action alleging that defendants violated the Telephone Consumer Protection Act by sending unsolicited facsimile advertisements in violation of the Act, the trial court erred in dismissing the action with prejudice on the ground that defendants' settlement offer, which plaintiff did not accept within the 12-day time limit, rendered the claim moot, since the 12-day time limit made the offer conditional, the law requires a tender to be unconditional to moot plaintiff's claim, and, in the instant case, the time limit had expired and was no longer effective at the time the trial court ruled on defendants' motion to dismiss; therefore, the dismissal of plaintiff's claim was reversed and the cause was remanded. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 03-CH-454; the Hon. Thomas A. Meyer, Judge, presiding. |
| Judgment | Reversed in part and vacated in part; cause remanded. |

Counsel on Appeal     Brian J. Wanca, David M. Oppenheim, Glenn L. Hara, and George K. Lang, all of Anderson & Wanca, of Rolling Meadows, and Phillip A. Bock and Robert M. Hatch, both of Bock & Hatch, LLC, of Chicago, for appellant.

Eric L. Samore and Michael Resis, both of SmithAmundsen LLC, of Chicago, for appellees.

Panel     JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice McLaren concurred in the judgment and opinion.

## OPINION

¶ 1     In this putative class action, plaintiff, G.M. Sign, Inc., alleges that defendants, Swiderski Electronics, Inc., Joseph Swiderski III, and David M. Schwartz (collectively Swiderski), sent unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act of 1991 (TCPA) (47 U.S.C. § 227 (2012)). The trial court denied G.M. Sign's motion for class certification, finding that Swiderski had a policy of sending fax advertisements only to recipients with whom it had an existing business relationship (EBR) (47 U.S.C. § 227(b)(1)(C) (2012)), that common questions did not predominate over questions specific to individual class members, and that a class action was not an appropriate method by which to adjudicate the claims.

¶ 2     Swiderski offered to fully settle G.M. Sign's individual claims, conditioned on its acceptance within 12 days. On the twelfth day, G.M. Sign moved to reconsider the denial of class certification. The trial court reopened discovery for Swiderski to depose six declarants who had sworn that they had no EBR with it. Rather than conduct discovery, Swiderski moved to dismiss the case as moot based on the tender of its settlement offer, which was made after certification had been denied and while no motion for reconsideration was pending. The trial court granted Swiderski's motion and dismissed the case with prejudice. It also denied G.M. Sign's oral motion requesting 30 days to find a new class representative to replace it and for a 30-day injunction precluding Swiderski from making tender offers to the six declarants. The court did not rule on the specific claims in G.M. Sign's motion to reconsider the denial of class certification, but denied the motion as moot given its dismissal of the case.

¶ 3     G.M. Sign appeals, challenging the trial court's denial of the motion for class certification and its dismissal of the case. We reverse the dismissal of G.M. Sign's claims, vacate the denial of its motion to reconsider the certification denial, and remand for a ruling on the motion to reconsider. Because the motion to reconsider remains pending, we do not address the certification denial. We also vacate as premature the court's ruling on G.M. Sign's request for time to seek a substitute class representative and its related request for an injunction.

## I. BACKGROUND

"This is a junk fax case, and like most such cases, the facts are not especially juicy." *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 444 (7th Cir. 2010). On June 19, 2003, Ernie Rizzo, d/b/a Illinois Special Investigations, filed a class-action complaint against Swiderski Electronics. On February 21, 2008, G.M. Sign, a wholesale sign manufacturer, replaced Rizzo as class representative[1] in a first amended complaint, and Joseph Swiderski III and David M. Schwartz were added as defendants. G.M. Sign alleged that Swiderski sent it unsolicited fax advertisements (junk faxes or unsolicited faxes) in violation of the TCPA (count I) and that it spoliated evidence (count II). G.M. Sign specifically alleged that on or about August 13, 2003, Swiderski Electronics[2] faxed an advertisement to it and that G.M. Sign had not invited or permitted it to do so. G.M. Sign further alleged that, on information and belief, Swiderski had faxed the same or similar advertisements to G.M. Sign and other recipients without first receiving the recipients' express invitation or permission.

Swiderski denied the allegations and raised several affirmative defenses, including an EBR. Swiderski claimed that it did not send any advertising or marketing materials to any individual or entity that had not previously contacted it for information relating to its goods and services or purchased goods or services from it.

In a second amended motion filed on December 30, 2011, G.M. Sign moved the trial court to certify (735 ILCS 5/2-801 (West 2012)) the following class:

> "All persons who were successfully sent a facsimile between August 11, 2003[,] and August 14, 2003[,] from Swiderski Electronics Inc. including the language 'Your Source Swiderski Electronics' monthly update.' "

G.M. Sign argued that the case was ideal for class certification because the claims of the individual class members were too modest (*i.e.*, $500 for nonwillful transmissions (47 U.S.C.

---

[1]G.M. Sign is no stranger to TCPA class-action litigation. See, *e.g.*, *G.M. Sign, Inc. v. Brink's Manufacturing Co.*, No. 09 C 5528, 2011 WL 248511, at *8 (N.D. Ill. Jan. 25, 2011) (denying certification, finding that individual consent issues predominated over common issues because the defendant presented specific evidence showing large portion of the putative class had consented to receive the faxes); *G.M. Sign, Inc. v. Group C Communications, Inc.*, No. 08-cv-4521, 2010 WL 744262, at *1, *6 (N.D. Ill. Feb. 25, 2010) (certifying class where the defendant had purchased its fax lists; the defendant's "vague assertions" concerning individual consent issues did not overcome predominance of common questions of law and fact among putative class members); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07 C 5953, 2009 WL 2581324, at *1, *5-6 (N.D. Ill. Aug. 20, 2009) (certifying class and finding that the defendant, who had paid a third party to procure fax lists and send faxes without seeking permission from recipients, "cannot defeat class certification by asserting the vague possibility that some of the individuals on the anonymous lists may have perchance consented to receiving the fax"; commonality and predominance satisfied); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 949, 2008 WL 3889950, at *6 (N.D. Ill. Aug. 20, 2008) (finding certification appropriate, where consent "would be within the knowledge of the potential class member, and a party would need a good-faith basis to believe that he or she satisfies the class definition before making a representation to this court to that effect").

[2]Swiderski Electronics was dissolved on September 1, 2005. David M. Schwartz is the successor in interest and assignee of the company. Joseph Swiderski III was president, chief executive officer, and shareholder of the company.

§ 227(b)(3) (2012))) to justify individual suits. It further alleged that discovery showed that Swiderski's advertisement was successfully faxed 2,584 times between the foregoing dates, and it attached affidavits or depositions from, among others, Robert Biggerstaff (its expert), Joseph Swiderski, and Schwartz. G.M. Sign noted that Swiderski kept a log of persons who received its monthly, unsolicited "Your Source" fax advertisement and that, as a result, class members could be notified directly of class certification. It further alleged that it did not have an EBR with Swiderski. As to the commonality element, G.M. Sign argued that common factual issues predominated because Swiderski engaged in standardized conduct involving a common nucleus of operative facts by sending fax advertisements to persons from whom it neither sought nor obtained permission. Biggerstaff examined Swiderski's fax log and opined that 2,584 faxes were successfully sent between August 11, 2003, and August 14, 2003. The completed fax log showed a successful fax transmission to G.M. Sign's fax number on August 13, 2003. Beverly Kelly, secretary/treasurer and 50% owner of G.M. Sign, testified at her deposition that her company did not do business with Swiderski. "I never had them as a vendor. I wouldn't have them as a customer because they're retail." G.M. Sign is a wholesale business and does not engage in retail selling. It also does not publish its fax number, and Kelly stated that she was unaware of how Swiderski obtained it. She testified that G.M. Sign's salespeople used the fax machine to receive customer orders.

¶ 8        G.M. Sign attached to its motion for certification Swiderski's response to its request for admissions, wherein Richard Swiderski, Swiderski's marketing vice president, stated that the company did not contact G.M. Sign to receive its explicit consent before sending it a fax advertisement, but that: (1) G.M. Sign had previously contacted Swiderski for information about its products and services; (2) thus, the parties had an EBR; and (3) G.M. Sign was included in Swiderski's customer database and was deemed to have invited or permitted Swiderski to send its fax advertisement to it.

¶ 9        Swiderski argued in response that certification should be denied because G.M. Sign failed to show that common issues predominated over individual questions raised by the EBR defense. Swiderski asserted that the question whether each fax recipient had an EBR with it could not be resolved on a class-wide basis. It also argued that the evidence of Swiderski's EBRs with G.M. Sign and other putative class members was overwhelming and undisputed. Specifically, Swiderski noted that it never purchased or used any commercially produced contact lists or company information; instead, it obtained contact information directly from putative class members at different points through more than 55 years of business relationships, product inquiries, sales, and trade show attendance. Thus, there was a genuine issue as to whether it had an EBR with each putative class member (a complete defense to each member's claim) and, therefore, the EBR issue must be resolved individually for each of the 2,584 putative class members. Resolving the issue collectively, it urged, would require testimony from hundreds of witnesses and from each Swiderski employee who had any contact with any putative class member.

¶ 10        On August 17, 2012, the trial court denied G.M. Sign's motion for class certification. Although it found that the numerosity requirement was met, it determined that commonality was not. The trial court found that there was no evidence that Swiderski had obtained its list of intended fax recipients other than through EBRs. "There is no evidence the lists were procured or obtained inappropriately." It found that Swiderski's claims concerning its methods of obtaining contact information were "unrebutted," but clarified that it was not finding that each

- 4 -

putative class member had an EBR. The trial court stated that G.M. Sign failed to establish that there were no class-wide EBRs: "You've established [the lack of an EBR] with respect to your client, but now you're arguing that because your client didn't have an [EBR], therefore, nobody else did. *** I don't see how you meet your burden." Thus, the court determined that common questions did not predominate over questions specific to individual class members and that a class action was not an appropriate method by which to adjudicate the claims.

¶ 11 On September 7, 2012, Swiderski offered, via email, to settle G.M. Sign's individual claim for $1,500 and injunctive relief and costs, conditioned on G.M. Sign's acceptance of the offer within 12 days. The communication stated: "This offer will remain open until Friday, September 19, 2012."

¶ 12 On the day the offer expired, September 19, 2012, G.M. Sign moved the trial court to reconsider its denial of G.M. Sign's motion for class certification. It argued that the trial court erroneously shifted to it and other class members the burden of disproving the EBR defense. It noted that Swiderski produced only 17 specific examples of EBRs for the relevant period. G.M. Sign maintained that the EBR issue was a common question that predominated in the case. Alternatively, G.M. Sign sought leave to amend the class definition to exclude those persons with respect to whom Swiderski could *not* provide evidence of EBRs.

¶ 13 At the December 11, 2012, hearing on G.M. Sign's motion to reconsider, the court began by explaining that it did not shift the burden of proof in denying certification. It noted that it found that G.M. Sign did not establish that there were common questions such that certification was appropriate; it further found that Swiderski's EBR defense called into question G.M. Sign's position that there were common questions of law or fact. At this point in the hearing, G.M. Sign requested time to reopen discovery for the limited purpose of "resolv[ing] this common question." The trial court granted it leave to file a motion explaining the discovery it was proposing. It did not rule on G.M. Sign's motion to reconsider.

¶ 14 On January 9, 2013, G.M. Sign moved to reopen limited discovery. It asserted that, to date, only 36 of the 2,584 faxes were sent pursuant to EBRs.[3] This number was similar to Swiderski's representation of 45 EBRs during discovery. G.M. Sign argued that, if the full subset of EBRs was in the 36-to-45 range, then the class should be certified, excluding those fax recipients who had EBRs (if the court found that the EBR defense could be raised) with Swiderski. To test the foregoing reasoning, G.M. Sign proposed limited discovery to gather evidence, including contacting certain members of the putative class to obtain declarations or depositions of whether they had EBRs with Swiderski.

¶ 15 On January 29, 2013, the trial court allowed limited discovery for the depositions of the putative class members who had declared or were willing to declare that they did not have EBRs with Swiderski by the date of the court's order and were previously contacted by G.M. Sign. It granted G.M. Sign until February 1, 2013, to identify any such declarants.

¶ 16 G.M. Sign apparently produced declarations of six class members who swore that they, in addition to G.M. Sign, had no EBRs with Swiderski. (The relevant documents are not contained in the appellate record.)

---

[3]G.M. Sign noted that it obtained this evidence by scanning all of the business records Swiderski had produced during discovery, over 30,000 pages, and running optical character recognition searches for each of the 2,584 fax numbers on the fax transmission report.

¶ 17     Instead of deposing any putative class members, on February 21, 2013, Swiderski moved to dismiss (735 ILCS 5/2-619(a)(9) (West 2012)) G.M. Sign's claims on the ground that Swiderski's settlement offer, which was made after class certification had been denied and while no motion for reconsideration was pending (again, G.M. Sign filed its motion for reconsideration on the day the offer expired), rendered moot G.M. Sign's claims.

¶ 18     G.M. Sign responded that dismissal was not warranted, because there *was* a pending motion for reconsideration and the additional motion for limited discovery (which resulted in the identification of six additional putative class members relevant to the motion to reconsider), as well as the fact that the settlement offer was: (1) incomplete (because it did not cover count II of its complaint–spoliation of evidence); and (2) conditional in that it was open for only a limited time. Thus, it argued, its claims were not moot.

¶ 19     Also, on April 1, 2013, Swiderski filed an unopposed motion to stay discovery pending resolution of its motion to dismiss. It noted that G.M. Sign had disclosed six declarations from putative class members, who were located in central Illinois. Obtaining their depositions, it urged, would require significant costs and travel time. Staying discovery until the motion to dismiss was resolved would save resources. The trial court, on April 5, 2013, granted the motion.

¶ 20     On June 12, 2013, the trial court granted Swiderski's motion to dismiss, dismissing all of G.M. Sign's claims with prejudice. Relying on *Akinyemi v. JP Morgan Chase Bank, N.A.*, 391 Ill. App. 3d 334, 339 (2009) (noting general rule that, where "the defendant tenders to the named plaintiff the relief requested before the class is certified, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending"), the court found that the settlement offer, which was made while no motion for class certification was pending, rendered the claims moot. "So that tells me my hands are tied." The court noted that *Akinyemi* did not prohibit the use of a time limit in a settlement offer. The court also noted that the spoliation claim was derivative of the TCPA claim: "[T]he Defendant's offer tendered all the relief requested that was available under both counts." Thus, the court dismissed the case with prejudice "as Plaintiff's claim is moot. That would then obviously remove–make moot–the motion to reconsider."

¶ 21     The trial court next denied G.M. Sign's oral motion for 30 days to find a new class representative (out of the six known declarants) to replace G.M. Sign and for a 30-day injunction precluding Swiderski from making tender offers to the known declarants. G.M. Sign appeals.

¶ 22                                      II. ANALYSIS
¶ 23                                        A. TCPA
¶ 24     Section 227 of the TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C) (2012). An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5) (2012). A sender is not liable under the TCPA, however, if it has: (1) the recipient's prior express invitation or permission; or (2) an EBR with the recipient. 47 U.S.C. § 227(b)(1)(C) (2012).

¶ 25 The TCPA is a remedial statute and prescribes methods of enforcement, including that an individual may bring a private right of action in state court. 47 U.S.C. § 227(b)(3) (2012); *Standard Mutual Insurance Co. v. Lay*, 2013 IL 114617, ¶¶ 28, 33. A successful plaintiff may recover $500 for each violation, and, if the court finds that the defendant "willfully or knowingly violated" the statute, the court may award up to three times this amount. 47 U.S.C. § 227(b)(3) (2006); see also *Italia Foods, Inc. v. Sun Tours, Inc.*, 2011 IL 110350, ¶¶ 14-15.

¶ 26 B. Granting of Swiderski's Motion to Dismiss

¶ 27 G.M. Sign argues that Swiderski's tender was not unconditional, because it contained a 12-day time limitation. Thus, G.M. Sign concludes, the tender did not render moot G.M. Sign's individual claims and the trial court erred in dismissing the case. We review *de novo* the dismissal of a complaint. *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011). For the following reasons, we agree that the trial court erred in dismissing the case.

¶ 28 A tender "is an unconditional offer of payment consisting of the actual production of a sum not less than the amount due on a particular obligation." *Brown & Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023, 1032 (1999). It "must be without conditions to which the creditor can have a valid objection or which will be prejudicial to his [or her] rights." *Id.* For example, the "[t]ender of an amount less than the creditor claims is due is ineffective when acceptance is conditioned on an admission that no greater amount is due." *Id.*

¶ 29 Here, Swiderski tendered settlement on September 7, 2012, conditioned on G.M. Sign's acceptance of the offer within 12 days ("This offer will remain open until Friday, September 19, 2012."). On the twelfth day, G.M. Sign filed its motion to reconsider the court's denial of G.M. Sign's class certification motion. Over five months later, on February 21, 2013, Swiderski moved to dismiss G.M. Sign's claims on the ground that its settlement offer, which had expired at this point but had been made after class certification had been denied, rendered moot G.M. Sign's claims. The court granted the motion on June 12, 2013.

¶ 30 G.M. Sign cites to cases wherein, it notes, the offer contained no time limit. See *Barber*, 241 Ill. 2d at 453, 459-60 (the defendant tendered a $40 baggage fee to the plaintiff and refunded that amount to her credit card; the plaintiff never filed a motion for class certification; the court held that the individual action was rendered moot by the defendant's tender of the requested relief prior to any motion for certification); *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 5 (the defendants' letter to the plaintiffs contained no time limit); *Akinyemi*, 391 Ill. App. 3d at 340 (the defendant credited the plaintiff's account with disputed amount before the plaintiff served the defendant with the complaint and before the plaintiff moved for class certification); see also *Hillenbrand v. Meyer Medical Group, S.C.*, 308 Ill. App. 3d 381, 389 (1999) (in rejecting the plaintiffs' argument that a tender did not moot their claim, because they did not accept it, the court noted that the defendant's "offer has never been withdrawn").

¶ 31 G.M. Sign concedes that the foregoing cases do not directly address the issue here and further suggests that this is an issue of first impression. It urges us to hold that a limited-time offer is not sufficient to render moot a named plaintiff's claim in a putative class action. Such a conclusion would be consistent, it contends, with the principle that a tender made to "avoid the payment of interest" must be kept "good" until the case is concluded and that the debtor making the tender "must keep that money ready at all times to pay it to the creditor if he should conclude to receive it and demand its payment." *Thayer v. Meeker*, 86 Ill. 470, 474 (1877); see

also *Empire Fluorspar Co. v. Knight*, 327 Ill. App. 626, 639 (1946) (tender effective where the defendant was "willing at any time to pay it" and "actually deposited it in the bank waiting until such a time that it should be paid"). Further, G.M. Sign suggests that Swiderski should not have been able to obtain a dismissal over five months after its offer expired (G.M. Sign never explicitly rejected it). Swiderski's continued defense of the case, G.M. Sign further urges, amounts to "equitable waiver." Finally, G.M. Sign contends that even a reasonable condition (such as a reasonable time limit) is a condition nonetheless and that Swiderski's conditional tender did not render its claims moot.

¶ 32    Swiderski responds in a conclusory fashion that its offer was not conditional or incomplete and that G.M. Sign had a reasonable time to consider it. It then notes that G.M. Sign never requested additional time to consider the offer or argued that the 12-day period was inadequate. Swiderski urges that the period was sufficient for G.M. Sign to consider and refuse the full offer of relief. Further, Swiderski suggests that G.M. Sign's refusal of the offer appears to have been driven by its counsel's desire to maintain the case in the hope that the class would ultimately be certified. See, *e.g.*, *Hillenbrand*, 308 Ill. App. 3d at 389 (a plaintiff "cannot perpetuate the controversy by merely refusing [the defendant's] tender").

¶ 33    We conclude that the 12-day time limit in Swiderski's settlement offer rendered its tender a conditional offer. As G.M. Sign notes, Swiderski moved to dismiss G.M. Sign's claims over five months after its offer expired, on the ground that its settlement offer rendered moot G.M. Sign's claims. When Swiderski moved to dismiss G.M. Sign's claims (and through the date that the trial court ruled on the motion), no offer existed. Specifically, Swiderski's offer specified that tender was conditioned on G.M. Sign's acceptance within 12 days. Thus, under the offer's terms, once the 12-day period expired, tender could not be (and was not) effected. The 12-day period for acceptance, which had expired when the trial court ruled on Swiderski's motion to dismiss, was a material condition of Swiderski's offer because it had the effect of revoking/terminating the offer before the trial court ruled on the motion to dismiss. Swiderski does not dispute that the law requires that a tender be unconditional to moot a plaintiff's claim. *Brown & Kerr*, 306 Ill. App. 3d at 1032. That was not the case here. The trial court erred in dismissing G.M. Sign's complaint.

¶ 34    Because we hold that the trial court erred in dismissing G.M. Sign's claims, we also vacate the denial of its motion to reconsider the certification denial. We also vacate (as premature) the trial court's denial of G.M. Sign's oral requests to seek a substitute class representative and for a 30-day injunction (precluding Swiderski from making tender offers to the declarants). We remand the cause for the trial court to address the pending motion to reconsider and for further proceedings consistent with this opinion.

¶ 35                                    III. CONCLUSION

¶ 36    For the reasons stated, the judgment of the circuit court of McHenry County is reversed in part and vacated in part, and the cause is remanded for further proceedings consistent with this opinion.

¶ 37    Reversed in part and vacated in part; cause remanded.