# Illinois Official Reports

## Appellate Court

---

### *Gassman v. Clerk of the Circuit Court*, 2019 IL App (1st) 171543

---

| | |
|---|---|
| Appellate Court Caption | DAVID GASSMAN and A&G FOODS, INC., Plaintiffs-Appellants, v. THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY, in Her Official Capacity, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-17-1543 |
| Filed | March 12, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-12269; the Hon. Rodolfo Garcia, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | David Novoselsky, of Novoselsky Law Offices, P.C., of Waukegan, and Joseph E. Tighe, of Alan J. Mandel, Ltd., of Skokie, for appellants.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeill Stein, Sisavanh B. Baker, and Marie D. Spicuzza, Assistant State's Attorneys, of counsel), for appellee. |

PRESIDING JUSTICE MASON delivered the judgment of the court, with opinion.
Justices Pucinski and Hyman concurred in the judgment and opinion.


**OPINION**

¶ 1    Section 27.2a(g)(2) of the Clerks of Courts Act (Act) imposes a fee for filing a petition to vacate or modify "any final judgment or order of court." 705 ILCS 105/27.2a(g)(2) (West 2012). In separate underlying cases, the Clerk of the Circuit Court of Cook County (Clerk) charged plaintiffs David Gassman and A&G Foods, Inc. (A&G), a fee for filing a petition to vacate a nonfinal order. They brought this suit for *mandamus* and other relief against the Clerk, arguing that such fees were not authorized under the Act. In *Gassman v. Clerk of the Circuit Court*, 2017 IL App (1st) 151738 (*Gassman I*), we agreed with plaintiffs, holding that the word "final" modifies both of the terms "judgment" and "order," and therefore the statute does not authorize the Clerk to charge a fee for filing a petition to vacate a nonfinal order.

¶ 2    On remand, the Clerk tendered to plaintiffs a refund of the disputed fees, and she also represented to the trial court that the Clerk's office had changed its fee-collection policies to comply with *Gassman I*. On this basis, the trial court dismissed the complaint as moot.

¶ 3    Plaintiffs now appeal, arguing that (i) there is still an active controversy between the parties because the Clerk continues to collect improper fees notwithstanding her alleged change in policy, (ii) the Clerk's tender was defective because the check she provided was not negotiable and it otherwise failed to provide plaintiffs the full relief they sought, and (iii) the public-interest exception to the mootness doctrine applies. We agree with plaintiffs' first two contentions and reverse.


¶ 4                                  BACKGROUND

¶ 5    On November 22, 2013, in separate underlying cases, Gassman and A&G were each charged a $90 fee for filing a petition to vacate a dismissal for want of prosecution (DWP), which is a nonfinal order. See *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 506 (1998) (a DWP does not become final until the expiration of plaintiff's one-year absolute right to refile under section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1992))). Plaintiffs paid the fees under protest and then filed the instant suit "individually and on behalf of all others similarly situated." (In the original complaint, A&G was referred to as "A.N. Anymous.") In count I, plaintiffs sought a writ of *mandamus* compelling the Clerk to cease and desist the collection of fees not authorized by the Act and also compelling her to return all fees previously collected for petitions to vacate dismissals for want of prosecution. In count II, plaintiffs sought an accounting of all fees that the Clerk collected for petitions to vacate DWPs.

¶ 6    The Clerk moved to dismiss, arguing that section 27.2a(g) of the Act applies to any order of court and also arguing that plaintiffs' *mandamus* action was barred by tort immunity and *res judicata*. The trial court granted the motion to dismiss. In *Gassman I*, we reversed, holding that

"Gassman has stated a cause of action for *mandamus*, since (1) section 27.2a(g) of the Act does not authorize the Clerk to charge fees for petitions to vacate or modify nonfinal orders and (2) Gassman is entitled to pursue a *mandamus* action against the Clerk to compel her to comply with that statutory provision." *Gassman I*, 2017 IL App (1st) 151738, ¶ 38.

We additionally directed plaintiffs to file an amended complaint omitting any fictitious names. *Id.* ¶ 39. But we declined to express an opinion on "any issues not directly addressed herein, such as whether this case meets the requirements for class certification or the availability of restitutionary relief against the Clerk in circuit court." *Id.*

¶ 7 Our opinion in *Gassman I* was filed on January 17, 2017. On March 7, 2017,[1] the Clerk moved to dismiss plaintiffs' amended complaint as moot under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2012)). She argued that no further controversy remained because her office tendered the disputed fees to plaintiffs and "clarifie[d]" the Clerk's policy regarding collection of filing fees to comply with *Gassman I*.

¶ 8 In support, the Clerk attached the affidavit of Kelly Smeltzer, general counsel for the Clerk's office. Smeltzer averred that on February 21, 2017, the Clerk's office refunded all court fees to plaintiffs' counsel, namely the $180 in fees that form the basis for this litigation, plus $337 in trial court filing fees and $100 in appellate court fees.

¶ 9 The Clerk additionally attached a memo that Smeltzer sent to her staff on February 21, 2017, reflecting changes in the Clerk's fee collection policy. The memo provides, in relevant part:

"As a reminder, fees for petitions to vacate or modify should *not* be charged in the following circumstances:

* * *

7. For a petition to vacate or modify a judgment or order that is anything other than the judgment or order that disposes the case." (Emphasis in original.)

The memo gives a nonexclusive list of petitions for which a fee may be charged, including petitions to vacate or modify "a dismissal," a directed verdict, disposal of a case, a judgment for plaintiff or for defendant, a nonsuit on the case, and an order granting a motion for summary judgment. Finally, the memo provides:

"[I]f a customer notifies our staff that they believe that a petition to vacate or modify fee was assessed in error, instruct your staff to send the customer to the Legal Department if they are on the premises, or to call (312) 603-5400 if not. The Legal Department will determine whether an error was made and a refund should be processed."

¶ 10 Also on March 7, 2017, plaintiffs moved to certify a class of all litigants required to pay a fee to the Clerk for filing a motion relating to any nonfinal order. The trial court continued this motion pending a ruling on the Clerk's motion to dismiss.

¶ 11 On March 21, 2017, plaintiffs filed an amended complaint identifying A&G Foods in place of the fictitious "A.N. Anymous." Plaintiffs also filed a response to the Clerk's motion to

---

[1]The motion was originally filed on February 21, 2017, before this court's mandate issued on March 6, 2017. The trial court later issued an order stating that it would treat the motion as having been filed on March 7, 2017.

dismiss in which they asserted that "there has been no change whatsoever in the policy of the [Circuit] Clerk of Cook County to conform the practice and the conduct of her Office to the explicit mandate of the Appellate Court." Plaintiffs pointed out that Smeltzer's memo does not prohibit collection of fees for petitions to vacate DWPs. On the contrary, the memo instructs personnel to charge fees for "[p]etitions to vacate or modify a dismissal"—which includes DWPs.

¶ 12    In support of their contention that the Clerk continues to charge fees for petitions to vacate DWPs, plaintiffs attached electronic docket entries and motions from two circuit court cases. A&G Foods, Inc. v. Pappas Accounting Group, Inc., No. 2016 L 10280 (Cir. Ct. Cook County), was dismissed for want of prosecution on January 26, 2017. A&G filed a motion to vacate the DWP on March 7, 2017, and was charged and paid a $90 fee to the Clerk under protest. Similarly, D'Agostino v. Whitestock, Inc., No. 2015 L 11135 (Cir. Ct. Cook County), was dismissed for want of prosecution on January 4, 2017. D'Agostino moved to vacate the DWP on March 7, 2017, and also was charged and paid a $90 fee under protest.

¶ 13    Plaintiffs additionally argued that the public-interest exception to the mootness doctrine applied, because there was a public interest in preventing the continued misapplication of the fee statute to present and future litigants and because the issue was likely to recur, as demonstrated by "multiple trial and reviewing court decisions" addressing the issue.

¶ 14    Finally, plaintiffs argued that the Clerk's tender of fees was defective because the check could not be negotiated. The check was made payable to "David Gassman and A. N. Anymous c/o Novoselsky Law Office." Plaintiffs argued that the tender should instead have been made to "Jonathan Novoselsky, P.C."

¶ 15    On May 23, 2017, the trial court granted the Clerk's motion to dismiss the action as moot. Plaintiffs timely appealed.

¶ 16                                              ANALYSIS

¶ 17    Plaintiffs argue that their claims are not rendered moot either by the Clerk's change in policy or by the Clerk's tender of fees. Regarding the former, plaintiffs contend that, on its face, the Smeltzer memo permits collection of fees for petitions to vacate DWPs and there is evidence that the Clerk's office continues to collect such fees. Regarding the latter, plaintiffs contend that the check tendered by the Clerk's office was not negotiable because it was made payable to the wrong law firm. They also contend that a refund of their trial and appellate court fees is insufficient to make them whole. Finally, in the alternative, plaintiffs argue that the public-interest exception to the mootness doctrine applies.

¶ 18    " 'As a general rule, courts in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided.' " Benz v. Department of Children & Family Services, 2015 IL App (1st) 130414, ¶ 31 (quoting In re Alfred H.H., 233 Ill. 2d 345, 351 (2009)). A claim is moot " 'when it involves no actual controversy or the reviewing court cannot grant the complaining party effectual relief.' " In re Marriage of Donald B., 2014 IL 115463, ¶ 23 (quoting Steinbrecher v. Steinbrecher, 197 Ill. 2d 514, 522-23 (2001)). Whether a claim is moot is an issue we review de novo. Preferred Personnel Services, Inc. v. Meltzer, Purtill & Stelle, LLC, 387 Ill. App. 3d 933, 938 (2009).

¶ 19    We begin by considering the changes in the Clerk's fee collection policy. The Clerk argues that the Smeltzer memo complies with our mandate in *Gassman I* and, in particular, "show[s] that the Circuit Clerk's office directed personnel that they may not charge a fee to vacate a dismissal for want of prosecution." We disagree.

¶ 20    As noted, in *Gassman I* we held that section 27.2(a)(g) of the Act only authorizes the Clerk's office to charge a fee for petitions to vacate or modify *final* judgments and *final* orders of court, not interlocutory orders. By contrast, according to the Smeltzer memo, a fee should not be charged "[f]or a petition to vacate or modify a judgment or order that is anything other than the judgment or order that disposes the case," but should be charged for "[p]etitions to vacate or modify a dismissal." Not all dismissals are final orders of the court. See *People v. Vari*, 2016 IL App (3d) 140278, ¶ 10 ("It is a general rule that the dismissal of a complaint without prejudice is not final and appealable."). Of particular relevance to this case, it is well established that "until the time of the expiration of the period for refiling, [a] DWP remains a nonappealable interlocutory order." *S.C. Vaughan Oil*, 181 Ill. 2d at 507; see also *BankFinancial, FSB v. Tandon*, 2013 IL App (1st) 113152, ¶ 30 ("A DWP order only becomes a final order after the one-year right to refile expires."). Likewise, voluntary dismissals under section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2016)) may also be refiled under section 13-217 (735 ILCS 5/13-217 (West 2016)) and are therefore nonfinal until the right to refile expires. *Taylor, Bean & Whitaker Mortgage Co. v. Cocroft*, 2018 IL App (1st) 170969, ¶ 53.

¶ 21    Thus, although the Smeltzer memo may have been intended to comply with our mandate in *Gassman I*, its instruction to collect fees for all petitions to vacate or modify "dismissal[s]" still encompasses some nonfinal orders. This is corroborated by plaintiffs' evidence that on at least two occasions following the supposed change in the Clerk's policy, the Clerk's office charged a fee for petitions to vacate DWPs, the precise situation we found unlawful in *Gassman I*. Accordingly, the change in the Clerk's fee collection policy as reflected in the Smeltzer memo does not render plaintiffs' claims moot.

¶ 22    The Clerk next argues that plaintiffs' claims are moot because on February 21, 2017, the Clerk tendered to them a check for $617, comprising the $180 in fees that form the basis for this litigation plus $337 in trial court filing fees and $100 in appellate court fees for the present action. The check was made payable to "David Gassman and A. N. Anymous c/o Novoselsky Law Office." Plaintiffs argue that the tender was defective because the check could not be negotiated, insofar as it was made to the wrong law firm, *i.e.*, Novoselsky Law Office instead of Jonathan Novoselsky, P.C. Plaintiffs also argue that the tender did not provide the full relief they sought in their action.

¶ 23    In general, a class action suit is rendered moot when defendant makes a tender of relief before plaintiffs move for class certification. *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, ¶ 34 (quoting *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 456-57 (2011)); see also *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 28 (a valid tender will moot a case even if plaintiffs do not accept it). A tender is "an unconditional offer of payment consisting of the actual production of a sum not less than the amount due on a particular obligation." (Internal quotation marks omitted.) *G.M. Sign, Inc. v. Swiderski Electronics, Inc.*, 2014 IL App (2d) 130711, ¶ 28.

¶ 24    As noted, plaintiffs allege that the Clerk's tender was defective because it was made payable to Novoselsky Law Office instead of Jonathan Novoselsky, P.C. The relevant facts are as follows. On July 25, 2014, plaintiffs filed their original complaint, represented by David

Novoselsky as "Novoselsky Law Offices, P.C." Plaintiffs' filings up to and including their notice of appeal consistently listed as counsel both David and Jonathan Novoselsky under "Novoselsky Law Offices."

¶ 25 During the pendency of the appeal, David withdrew as plaintiffs' counsel. Jonathan Novoselsky then appeared for appellants as "Jonathan Novoselsky, P.C." at a different address and with different contact information. After we remanded the cause, on February 21, 2017, the Clerk's office tendered the refund check to "David Gassman and A. N. Anymous c/o Novoselsky Law Office." On the same day, the Clerk moved to dismiss plaintiffs' complaint as moot, sending notice to Jonathan at "Jonathan Novoselsky, P.C."

¶ 26 Under these facts, we find that the Clerk's tender to Novoselsky Law Office was defective. Plaintiffs allege that at the time of the tender, Jonathan was representing plaintiffs as Jonathan Novoselsky, P.C. The Clerk provides no record citation to the contrary, and she was apparently aware of Jonathan's status as plaintiffs' counsel, since she correctly sent notice of her motion to dismiss to Jonathan at his firm. Moreover, if there was any uncertainty as to whom the tender should be made, it was incumbent upon the Clerk to clarify that fact before making the tender. *Poliszczuk v. Winkler*, 2011 IL App (1st) 101847, ¶ 25 (it is the debtor's duty to ensure that tender is sufficient). Thus, because the check was made payable to the wrong law firm and was not negotiable, there was no "actual production" (internal quotation marks omitted) (*G.M. Sign*, 2014 IL App (2d) 130711, ¶ 28) of the amount due, and plaintiffs' claim was not mooted.

¶ 27 The Clerk argues that even if the check was made payable to the wrong law firm, David could have signed the check over to Jonathan Novoselsky, P.C. Plaintiffs argue that such an action would have been contrary to the Illinois Rules of Professional Conduct; specifically, Rule 1.15 (Ill. R. Prof'l Conduct (2010) R. 1.15(a) (eff. July 1, 2015)) requires that all client funds be deposited in a client trust account. Notably, the Clerk does not respond to this contention, much less cite any authority as to why Rule 1.15 would not apply in this case. Even more fundamentally, we fail to see why, if a defendant proffers a tender to the wrong entity, that error would be cured by the possibility that the entity might later deliver the tender to the correct entity. Consequently, we find that the Clerk's tender was defective and did not moot plaintiffs' action.[2]

¶ 28                                      CONCLUSION

¶ 29 We find that the present action is not moot, since (i) there is evidence that the Clerk's policy and practice with regard to fee collection do not comply with our mandate in *Gassman I* and (ii) the Clerk's tender of funds to plaintiffs was deficient, insofar as the check could not be negotiated. Therefore, we need not decide whether the public-interest exception to the mootness doctrine applies. We reverse the trial court's order dismissing the case as moot and

_____

[2]Plaintiffs also argue that the Clerk's tender did not provide them full relief, since plaintiffs sought not only the return of the fees they personally paid but a writ of *mandamus* compelling the Clerk to stop collecting fees for petitions to vacate or modify nonfinal orders and further compelling the return of all such fees collected in the past. See *Barber*, 241 Ill. 2d at 454 (a claim is moot where "a defendant tenders the named plaintiff *the relief requested* before a motion for class certification is filed" (emphasis added)). Because we find the Clerk's tender defective, we need not address this contention.

- 6 -

remand for further proceedings.

¶ 30        Reversed and remanded.