2025 IL App (1st) 241056-U

No. 1-24-1056

Order filed June 23, 2025

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MIDLAND CREDIT MANAGEMENT, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M3 4251 |
| | ) | |
| RICHARD LAKE, | ) | Honorable |
| | ) | Martin C. Kelley, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss this appeal for lack of jurisdiction where the subject orders are not final and appealable.

¶ 2    Defendant Richard Lake appeals *pro se* from the trial court's orders that granted the motion of plaintiff Midland Credit Management, Inc., to voluntarily dismiss its debt collection action without prejudice pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2022)) and denied defendant's motion for damages and costs. On appeal,

defendant argues that the trial court erred by (1) granting plaintiff's motion to voluntarily dismiss the action without prejudice prior to ruling on defendant's motion to dismiss the action with prejudice and (2) failing to grant defendant's motion for damages and costs. We dismiss this appeal for lack of jurisdiction.

¶ 3    The record on appeal does not contain a report of proceedings or substitute therefor. The following background is derived from the common law record.

¶ 4    On July 25, 2022, plaintiff filed a complaint against defendant seeking damages of $2,533.70 and costs for failure to pay a credit card debt. Plaintiff asserted that it was the successor to the original creditor and attached copies of defendant's credit card statement, the bill of sale for the credit card debt, and an affidavit from one of plaintiff's employees attesting to plaintiff's ownership of the debt.

¶ 5    On June 21, 2023, the trial court entered an order finding defendant in default and continuing the case for prove-up.

¶ 6    On July 19, 2023, defendant filed a motion to vacate the default judgment. The record on appeal does not reflect the court's disposition of the motion. In his brief on appeal, defendant states that the trial court granted his motion to vacate the default judgment on July 21, 2023. On July 31, 2023, the trial court entered an order granting defendant a "full *** waiver of all fees, costs, and charges."

¶ 7    On October 25, 2023, defendant filed a motion to dismiss the action with prejudice. Defendant alleged that plaintiff lacked both "standing to bring a cause of action" and "personal jurisdiction." Defendant requested "[t]riple damages" totaling $7,601.10 plus $1000 in costs. On

November 20, 2023, defendant filed a motion for an "Order of Default Judgment" arguing that plaintiff had not responded to defendant's motion to dismiss.

¶ 8     On December 11, 2023, plaintiff filed a motion to voluntarily dismiss the action without prejudice. On December 18, 2023, the trial court entered an order dismissing the action "without prejudice and without further costs to either party with the right to reinstate."

¶ 9     On January 16, 2024, defendant filed a motion seeking the same damages and costs. Defendant alleged that plaintiff "willfully presented fraud *** by making false claims."

¶ 10     On January 24, 2024, the trial court denied defendant's motion. Checked boxes on the order reflect that defendant and counsel for plaintiff appeared.

¶ 11     On appeal, defendant argues that the trial court erred by (1) granting plaintiff's motion to voluntarily dismiss the action without prejudice before ruling on defendant's motion to dismiss the action with prejudice, and (2) failing to grant defendant's motion for damages and costs.

¶ 12     Before addressing the merits of this appeal, we must determine our jurisdiction. See *Johnson v. Fuller Family Holdings, LLC*, 2017 IL App (1st) 162130, ¶ 23. Without jurisdiction, we cannot consider the merits of an appeal. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 13     Generally, in civil cases, a final judgment is appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). A final judgment disposes of the parties' rights on the entire case or on some definite and separate part thereof. *Dubina v. Mesirow Realty Development*, 178 Ill. 2d 496, 502 (1997).

¶ 14     A dismissal order with prejudice constitutes a final judgment as it prohibits the plaintiff from amending the complaint and terminates the litigation. *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 12. Dismissals entered without prejudice, though, are not final and appealable

(*City of Naperville v. Illinois Fraternal Order of Police, Labor Council, F.O.P. Lodge No. 42*, 2013 IL App (2d) 121071, ¶ 13) and remain such until the right to refile expires (*Gassman v. Clerk of the Circuit Court of Cook County*, 2019 IL App (1st) 171543, ¶ 20). See also 735 ILCS 5/2-1009(a) (West 2022) ("The plaintiff may, at any time before trial or hearing begins, *** dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause.").

¶ 15    Here, on December 11, 2023, plaintiff filed a motion to voluntarily dismiss the action without prejudice. Then, on December 18, 2023, the trial court entered an order dismissing the action "without prejudice and without further costs to either party with the right to reinstate." As plaintiff could reinstate the action, the dismissal of the action was not a final and appealable order. *Gassman*, 2019 IL App (1st) 171543, ¶ 20. This court therefore must dismiss defendant's appeal from the trial court's order granting plaintiff's motion to voluntarily dismiss the action without prejudice. See *Secura Insurance Co.*, 232 Ill. 2d at 213.

¶ 16    As for the January 24, 2024, order denying defendant's motion for damages and costs, that order did not dispose of the parties' rights as to any part of the case. See *Dubina*, 178 Ill. 2d at 502. To the contrary, the preceding order of December 18, 2023, dismissed the proceedings while expressly providing that the action could be reinstated. Consequently, this court must also dismiss defendant's appeal as to the January 24, 2024, order.

¶ 17    For the forgoing reasons, we dismiss this appeal.

¶ 18    Dismissed.